## BANK OF BELLOWS FALLS *v.* ALBERT ONION.

The supreme court will, on motion, in their discretion, reverse *pro forma* a judgment of the county court, in order that the defendant may plead in bar a discharge in bankruptcy, obtained subsequent to the final trial in the county court,—on payment by the defendant of the costs in the supreme court.

INDEBITATUS ASSUMPSIT for money had and received. Plea, the general issue, and trial by the jury.

On trial the plaintiffs gave in evidence a note, dated January 17, 1837, signed by the defendant and one Stedman, payable to the plaintiffs, or order, on demand. The defendant then offered the deposition of Stedman, to prove that he signed the note at its date ; that in May, 1837, the cashier of the bank told him that the bank inspectors were soon to inspect the affairs of the bank, and that he wished him for that reason to procure some person to sign with him ; that he, Stedman, thereupon requested the defendant to sign the note with him, telling him what reason the cashier assigned for calling for an additional signer ; and that the defendant did then sign it. To the admission of this testimony the plaintiffs objected, and the court rejected it. The jury returned a verdict for the plaintiffs for the amount of the note ; exceptions by defendant.

After the case was entered in the supreme court, the defendant filed a motion that the court reverse the judgment *pro forma,* and remand the case to the county court, to enable him to plead in bar of the action a discharge in bankruptcy under the bankrupt law of the United States, which he had obtained subsequent to the final trial in the county court.

*C. Coolidge* and *N. Richardson* for defendant.

*Kellogg* and *Adams* for plaintiffs.

The opinion of the court was delivered by

BENNETT, J. This case comes before the court upon exceptions by the defendant to the ruling of the county court, and also upon a motion, made in this court, that the court will open the cause, that

Bank of Bellows Falls *v.* Onion.

the defendant may have an opportunity to plead in bar his certificate of bankruptcy, obtained since the trial in the county court.

We have sometimes, in our discretion, reversed a judgment of the county court *pro forma,* to enable a plaintiff to enter a non-suit, or the defendant to plead anew. As a general rule, I am, for one, opposed, unless upon very strong reasons, to opening afresh a long and protracted litigation, when once, in the due course of law, it is about to be brought to a close. But in this case the discharge in bankruptcy operates as a release of the debt; and it may well be questioned whether it might not constitute good matter for relief, upon an *audita querela.* We all think that this is a proper case for the exercise of a discretionary power, and that the judgment below should be *pro forma* reversed, under a rule that the defendant pay the costs in this court, that he may plead *de novo.*

Upon the merits, there is some difference of opinion. The note, when presented on trial, furnished *prima facie* evidence that it was signed by Stedman and the defendant as one transaction, and imported a consideration against both. It rather strikes me that the evidence which the court below excluded had a tendency to show that the loan was originally made to Stedman upon his own paper, and that the defendant stands only as surety upon it; and, unless it was agreed, (of which I see no evidence,) at the time of the original loan, that Stedman should procure a surety, I do not well see what consideration there was to support the note as against Onion.

If Onion had signed the note in consideration of the bank's giving further time to Stedman, no doubt this would have been sufficient; but the case presents no such state of facts. I see nothing in the case why the bank might not as well have sued the note the next day after Onion had signed it, as at any other time. On the whole, I should rather be in favor of opening the cause upon the ground of the exclusion of the evidence offered in the court below; but I do not understand a majority of the court to incline to this view, and the case is opened upon the motion in this court, in order that the defendant may have an opportunity to plead anew.