### N. H. Savings Bank v. Webster & als. & Trustee.

A default will ordinarily be struck off, upon terms, to enable a defendant to plead a discharge in bankruptcy obtained subsequently to the default.

This action was entered October Term, 1866, at which time the principal defendants made no appearance and were defaulted, and have remained defaulted since.   The action has been continued as to the trustee; and at April Term, 1868, the principal defendants moved that their default might be struck off, and that they might be allowed to appear and plead their discharge in bankruptcy.

The questions arising on the foregoing case, including the question of discretion, were reserved and transferred.

*Marshall & Chase*, for plaintiffs.

*G. W. Murray*, for defendants.

Smith, J.   In *Goodall* v. *Batchelder*, 17 N. H. 386, it is held that the court have no power to set aside a verdict to enable a defendant to plead a discharge in bankruptcy obtained subsequently to the trial.

The principle of this decision would seem in conflict with *Bank of Bellows Falls* v. *Onion*, 16 Vt. 470, and *Lee* v. *Phillips*, 6 Hill 246, in which judgments were reversed or set aside to admit such a plea ; see also, *Carrington* v. *Holabird*, 17 Conn. 530. But *Goodall* v. *Batchelder*, if correctly decided, is not in point here, since there has been no verdict. A default differs from a verdict in not irrevocably fixing the amount of damages, and, generally, also in not involving so much labor and expense to obtain it. The practice of striking off defaults in proper cases, to allow new defences, already exists. There having been no verdict nor judgment, it was within the discretionary power of the court to take off the default, as much as it would have been to order judgment. The case remaining on the docket unfinished they had jurisdiction over it to take either course ; see *Parker*, *C. J.*, in *Savtell, Petitioner*, 6 Pick. 110, p. 113. In *Hollister* v. *Abbott*, 31 N. H. 442, p. 450, *Eastman, J.*, seems to assume the existence of this power.

The granting of the motion to strike off the default was entirely within the discretion of the court at the trial term, and if the question how that discretion should be exercised had not been transferred by the presiding justice of that term, we should not now be called upon to consider it.

No special or extraordinary reasons, peculiar to this case, are alleged ; and we have doubted whether the defence, although one to which we are bound to give due legal effect where seasonably pleaded, is of so meritorious a nature that substantial justice requires us to undo what has been done in the case to enable the defendants to avail themselves of it. The bankrupt law is, however, to be treated with the same respect as if it were a statute of this State. The discretionary powers of the court are not to be exercised capriciously ; see *Bell, J.*, 34 N. H. pp. 196, 197. A default would be struck off to admit almost any of the other ordinary legal defences ; and it will not be productive of uniformity if we refuse a party, who is not guilty of *laches* in regard to setting up his defence after it exists, (see 9 Johnson 392,) the usual opportunity to set up a legal defence, merely because we question the expediency of the law establishing the particular defence on which he relies, or because we believe that fraud will often be practiced under cover of that law ; see *Parker, C. J.*, in *Williams* v. *Little*, 11 N. H. 576. Decisions on questions of this nature, if made on such grounds, would depend in some degree on the prejudices of the individuals happening to compose the court, and there would be no settled practice. It is better to establish the general rule, that, if application is seasonably made, defaults will be stricken off upon terms to allow parties to plead any matter in defence that would be a good plea in bar to the further maintenance of the suit ; see *Fowler, J.*, 40 N. H. p. 452.

The defendants' motion may be granted upon their paying costs up to the time when the motion was made.

*Motion granted upon terms.*