## J. H. BURNETT v. W. M. WADDELL.

### (Case No. 563.)

1. PRACTICE — BANKRUPTCY.— The discharge in bankruptcy of an appellant, pending the appeal in the supreme court of this state of a cause appealed by him, does not entitle him to its dismissal nor prevent an adjudication thereof.

2. CASES REAFFIRMED.— The doctrine in Hickcok v. Bell, 46 Tex., 610, reaffirmed.

3. PRACTICE.— The jurisdiction, organization and modes of procedure of the supreme court are not adapted to the introduction of original pleas therein.

4. CHARGE OF COURT.— When, in an action on account, the charge of the court improperly limits the amount of recovery to a specified amount, the judgment will be reversed, unless on a consideration of the evidence it should manifestly appear that a verdict for a different amount than that found would have been so clearly erroneous that it should have been set aside.

APPEAL from Houston. Tried below before the Hon. R. S. Walker.

The plea of bankruptcy filed in the supreme court on the 31st of January, 1881, was as follows:

"And the appellant, John H. Burnett, comes and says, that since the rendition of judgment against him in the district court of Houston county, on the —— day of ——, 1875, and this the last term of this honorable court, at, to wit, on the 27th day of November, 1880, by the judgment of the honorable the district court of the United States for the eastern district of Texas, sitting at Galveston, the said John H. Burnett, having been duly adjudged a bankrupt under the act of congress establishing a uniform system of bankruptcy throughout the United States, and it appearing that he had conformed to all the requirements of law in that behalf, it is therefore ordered by the court, that the said John H. Burnett be forever discharged from all debts and claims which by said act are made provable against his estate, and which existed on the 3d day of August, 1878, on which day the petition for

adjudication was filed against him, excepting such debts, if any, as are by said act excepted from the operation of a discharge in bankruptcy; and the same was duly signed by the Hon. Amos Morrill, judge of said court, and attested by the seal of the court at Galveston, on the said 27th day of November, A. D. 1880.

"Wherefore he prays that he be hence dismissed, and that no further proceedings be had against him on said judgment before this honorable court."

*Waul & Walker*, for appellant.

*Nunn & Williams* and *Geo. Mason*, for appellee.

GOULD, ASSOCIATE JUSTICE.— This case has been pending in this court since January 7, 1876, and is an appeal by Burnett from a monied judgment recorded against him by Waddell in 1875. At the present term appellant filed a paper entitled "Plea of Bankruptcy," setting up a discharge of Burnett from debts provable and existing on August 3, 1878, regularly granted by the U. S. district court for the eastern district of Texas, on November 27, 1880. The prayer of the plea is, that Burnett "be hence dismissed, and that no further proceedings be had against him on said judgment before this honorable court."

We are of opinion that the discharge does not entitle appellant to have the case dismissed, or to be himself dismissed in this court from the case, but that this court should proceed to dispose of the appeal as if no such plea had been filed. By the appeal, this court acquired jurisdiction over the case to determine whether there was error in the judgment below, and under our statute the court proceeds to adjudicate the cause, notwithstanding the death of a party pending the appeal. R. S., 1044. In like manner, the discharge in bankruptcy of an appellant does not prevent the adjudication of the cause in this

court.   The sureties on the appeal bond under our statute
"in effect make themselves parties," etc., and are "liable to
a judgment against them in conjunction with" the appel-
lant, should there "be found no error in the judgment of
the district court."   Hickcok v. Bell, 46 Tex., 610.   Appel-
lant cites us to two instances in which courts of other
states have dismissed the entire case, on the filing of ap-
pellant's discharge.   Viosca v. Weed, 22 La. An., 218;
Haggerty v. Morrison, 59 Mo., 324.   Clearly, to follow
those authorities, would be to overrule the case of Hickcok
v. Bell.   Other cases are cited, indicating that the practice
in appellate courts in such cases has not been uniform.
Park v. Goodwyn & Hand, 1 Mich., 35; Bank of Bellows
Falls v. Onion, 16 Vt., 470.   Whether, in case of affirm-
ance, the better practice be to make an order in this court
perpetually staying execution against the discharged
bankrupt, or to leave him to the remedies which he would
have had, had the judgment never been taken up by ap-
peal, it is not necessary now to determine.   The jurisdic-
tion, organization and modes of procedure of this court
are not adapted to the introduction of pleas therein, and
in the present case, having reached the conclusion that
there is error in the judgment for which it must be
reversed, we have also concluded to remand the case to
the district court, as the more appropriate tribunal to enter-
tain the plea of discharge.

The original petition charged that Waddell, to secure
an indebtedness of $1,900 to Burnett, had transferred to
him certain goods, notes and accounts, and a certain policy
of insurance; that Burnett agreed to account for the
excess realized over $1,900, alleging that excess to be
$3,828.81, and asking judgment therefor.   By an exhibit
attached to an amended petition, other items of indebted-
ness to Burnett are admitted, increasing the amount to
$2,262.65.

Waddell in his testimony states items of indebtedness
to the latter amount.   In more than one place the charge

of the court limits the amount which the jury were to allow to Burnett out of the proceeds, to $1,900; and this is one of the errors assigned. Appellee replies that Burnett had no plea alleging other or greater indebtedness. But Burnett denied plaintiff's whole case, and certainly was not called on to plead specially what plaintiff had admitted in his pleadings.

Appellee further answers that, under the pleadings and evidence, Waddell was entitled to a larger amount than the verdict gave him, and that therefore appellant was not prejudiced by the charge. If under the evidence a verdict for a less amount would have been so manifestly erroneous that it should have been set aside, then we might be able to see that the error in the charge worked no injury to appellee. McCane *v.* Rogers, 42 Tex., 220; Galv., H. & S. A. R. R. Co. *v.* Delahunty, 53 Tex., 206.

On examining the evidence, we find the witnesses differing largely as to the value of the goods transferred to Burnett. So, on looking at the proof of loss and such of the invoices accompanying the same as are to be found in the record, we find that the $4,000 insurance collected was in part on account of goods belonging to Burnett, and that Waddell's claim to the entire $4,000 was not established. The evidence in our opinion is far from clear that Waddell was entitled to as large a recovery as that given him by the jury, and we certainly cannot say that the error in the charge did not operate to Burnett's prejudice. Attention was called to this error in the charge, in the motion for new trial, and the appellant has so presented the point in his assignments of error and brief, as to be entitled to the benefit thereof, and to a reversal of the judgment. In view of the discharge in bankruptcy, we deem it unnecessary to pass upon other questions.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 25, 1881.]