## ELIZABETH QUAST EDDY v. MARTHA BOSLEY ET AL.

Decided December 23, 1903.

**1.—Trespass to Try Title—Intervention—Pleading.**

In a suit for the recovery of land, interveners claiming the property stand in the relation of plaintiffs in trespass to try title and are governed by the rules of pleading and evidence applicable to that action.

**2.—Same—Pleading Special Defenses.**

Though the rule that defendant in trespass to try title who pleads his title specially is confined to the matters alleged, and can not show other defenses under his plea of not guilty, may apply to a defendant as against interveners, the allegation by such interveners claiming their mother's interest in community property as against a conveyance by the surviving father, that the latter had executed a bond for administration as survivor of the community relieves the defendant from making such allegation and brings that issue into the case.

**3.—Community Property—Bond of Survivor—Conveyance Referred to Power.**

Though the surviving husband had executed bond before making a conveyance of community property, it remained a question whether his subsequent deed was to be referred to that power or was intended as a conveyance of his own interest in the community, effecting a partition between himself and the heirs.

**4.—Community Property—Partition by Survivor.**

Where the interest of one of the three heirs has been settled by the surviving husband, who afterwards, by conveying a part of the property as his own, effects a partition, the remaining heirs take the whole and not a two-thirds interest in the property left by such partition.

**5.—Husband and Wife—Confidential Communication.**

A statement by a husband to his wife that the heirs of his former wife were part owners of property held in his name, was not such a confidential communication as would be inadmissible in evidence on the issue of her notice of such title where she afterwards purchased from the husband.

**6.—Deed—Question of Law.**

The legal effect of a deed is a question for the court and should not be submitted to a jury.

**7.—Charge—Conflict—Consideration.**

It was error to submit the question whether there was valuable consideration for a deed, by one charge, when, by another, and upon evidence warranting it, the court had charged that such deed was upon valuable consideration.

**8.—Charges.**

See instruction as to evidence to be considered by the jury held improper.

**9.—Community Property—Legal and Equitable Title—Innocent Purchaser. Burden of Proof.**

The claim of heirs of the mother as against the purchaser of the legal title from the surviving father was an equitable one, and the burden was on them to prove that such purchaser either paid no value or bought with notice.

Appeal from the District Court of Travis. Tried below before Hon. Geo. Calhoun.

*W. D. Hart* and *Kemp & Hart,* for appellant.

The following were among the assignments of error referred to in the opinion.

Sixth Assignment of Error: The court erred in giving special charge number 9, requested by interveners, in substance as follows:

"The validity of the deed in evidence from Julius Quast to Mrs. Elizabeth Quast to the land in controversy must be tested alone by the facts in evidence that existed at the time of the execution and delivery thereof, and that existed anterior thereto. No acts, facts or circumstances that came into existence after the execution of said deed can be taken into consideration by you."

The above charge was not necessary in this case and was therefore confusing to the minds of the jury.

Eighth Assignment of Error: The court erred in overruling defendant's motion for new trial, because of the grounds specified in the twelfth paragraph thereof, which is as follows:

"Because the court erred in permitting the interveners, over the objection of the defendant, to argue legal propositions in their closing argument, to which he was not permitted to reply, the interveners having failed to discuss any propositions of law to this court in their opening argument."

Tenth Assignment of Error: The court erred in overruling defendant's motion to instruct peremptorily in this case, because the evidence shows clearly that she was an innocent purchaser of said property for value, without legal notice of the rights of the interveners.

Eleventh Assignment of Error: The court erred in giving special charge number 1, requested by the interveners, which is as follows:

"The jury in this case are instructed, at the request of the interveners, as follows: In arriving at your verdict in this cause, you will consider all the evidence that has been permitted to go to you under the rulings of the court; and you will take the law from the court."

Sixteenth Assignment of Error: The court erred in refusing to give to the jury special charge number 16, requested by defendant Elizabeth Eddie, as follows:

"The law defines community property as 'all property acquired by either husband or wife during the marriage except that which is acquired by gift, devise, or descent.'"

*Walton & Hill* and *Wm. Brueggerhoff,* for appellees.

FISHER, CHIEF JUSTICE.—Martha Bosley, joined by her husband, William Bosley, on October 3, 1902, brought this suit in trespass to try title against Julius Quast and his wife Elizabeth Eddy Quast, for the recovery of ten acres of land out of survey No. 1, abstract 72, in the name of William Brown, situated in Travis County; also to recover lots 5, 6, 7 and 8 in outlet 36, block 6, division B, of the city of Austin, Travis County.

Amanda Hill, joined by her husband S. B. Hill, and Teresa Quast, children of Julius Quast by his first marriage, intervened and claimed that the land in controversy was purchased with the proceeds from the sale of the community property of their deceased mother and the defendant Julius Quast; and that the defendant Julius Quast had sold

one-half of block 6 in outlot 36, division B, city of Austin, which was his interest in said property, and that they were entitled to all the property in controversy, except one-half of the ten acres.

Julius Quast, in answer to the demand of the plaintiff Bosley, filed a plea of not guilty. The defendant, Mrs. Elizabeth Quast Eddy, who in the meantime had been divorced from her husband, Julius Quast, and resumed her former name of Elizabeth Eddy, answered by plea of not guilty, and the three, five and ten years statutes of limitation; and specially pleaded that for a valuable consideration, and without notice of the claims of the plaintiff, and of the interveners, she had purchased the property by deed from her codefendant, Julius Quast, and pleaded that the interveners were estopped from asserting any action to recover from her the property in controversy.

The trial below before the court and a jury resulted in a verdict and judgment in favor of the interveners against the plaintiffs Bosley, and against the defendant Julius Quast and Elizabeth Quast Eddy. Judgment was rendered in favor of interveners for all of the ten acres in controversy. In this respect it went beyond the number of acres claimed in their petition for intervention, as they only sued for an undivided one-half of the ten acres. However, this error in the judgment has been cured by a remittitur filed by the interveners in this court.

The evidence in the record shows that the property in controversy was acquired with the community funds of Julius Quast and his first wife, the mother of the interveners. Their mother, Mrs. Quast, died in 1880.

There is evidence to the effect that besides the two interveners there was another child of this marriage, but there is evidence which tends to show that she had received her share of the community estate left by her deceased mother.

About 1884 Julius Quast married the second time, and it was during this marriage that the property in controversy was acquired, the title to which was finally taken in his name; but the evidence is clear to the effect that it was purchased by the proceeds of community funds arising from the sale of community property owned by Julius Quast and his first wife. Julius Quast and the appellant, Elizabeth Eddy Quast, married on the 9th day of June, 1900. After this last marriage, and before the divorce, Julius Quast conveyed the property in controversy by deed to the appellant Elizabeth Quast Eddy. The recited consideration for this conveyance is one dollar, and natural love and affection; but there is in the record evidence of a valuable and different consideration other than that recited on the face of the deed. There is evidence to the effect that at the time that this conveyance was made to the appellant she did not know of the existence of the interveners, or their claim to the property in controversy; and she testifies that Julius Quast informed her that the property in controversy was bought with money earned by himself after his first wife had died. On the other hand, there is evidence to the effect that she knew of the first marriage and

the interveners, as the children of that marriage, and before the convey-
ance was made to her she was informed that the interveners had a right
and interest in the property in controversy.

It appears from the evidence that Julius Quast bought the entire
block No. 6, outlot 36, division B, city of Austin, and that after that
time and before his marriage with the appellant, he sold and conveyed
that half of the block not in controversy to Galen Crow; and there is
evidence to the effect that by that sale he intended to accomplish a par-
tition of the block, and that the remainder unsold, that portion in con-
troversy in this suit, should be the property of the interveners.

The plaintiffs Bosley have not appealed.

The interveners in their petition and supplemental petition, in effect
allege and admit that Julius Quast, after the death of his first wife,
qualified under the statute, by giving the bond, etc., required as survivor
of the community estate, but do not admit, nor do they plead that the
property in controversy, when sold and conveyed by him to the appel-
lant Elizabeth Quast Eddy, was by virtue of his capacity and authority
as survivor of the community.

The appellant, Elizabeth Quast Eddy, does not in her answer plead
that the sale to her was made by Julius Quast under his authority and
power as the qualified survivor of the community estate.

We are of the opinion that there was no error in the court's overruling
the general demurrer of the appellant, Elizabeth Quast Eddy, to the
interveners' plea of intervention. The interveners' position in the case,
as to her, is that of plaintiffs, and we are of the opinion that their peti-
tion is in the form of trespass to try title, which is predicated upon two
grounds: First, that the property in controversy was bought with
community funds of their father and deceased mother, and that as to
that portion of block 6 that is in controversy, the same was in effect set
aside to them by their father, as their portion and share of the entire
block, which he had formerly purchased with the community funds. It
was not necessary that they should set out their title, or should allege
the vice, if any, that existed in the title of the appellant, Mrs. Eddy.
Their petition was in the form of trespass to try title; and, in our opin-
ion, they could introduce evidence tending to show the superiority of
their title over that asserted by the appellant, Mrs. Eddy.

It is contended in appellant's second and fourth assignments of error,
that the court erred in not setting aside the verdict of the jury and ren-
dering judgment for the appellant, Eddy, on the ground that the un-
contradicted evidence showed that Julius Quast had qualified as sur-
vivor of the community estate of himself and his deceased wife, the
mother of the interveners, prior to the time that the property was con-
veyed to the appellant, Mrs. Eddy. This defense was not presented by
Mrs. Eddy in her answer. She had a plea of not guilty, and special
defenses, asserting the fact that she purchased the property for value,
and thereby she was an innocent purchaser, and alleged an estoppel
against the claim of the interveners. It may be that under the author-

ity of Railway Co. v. Whittaker, 68 Texas, 632, and Long v. Gray, 13 Texas Civ. App., 179, she would be confined to the defenses specially pleaded, and could not, under the plea of not guilty, introduce proof establishing the fact that Julius Quast conveyed the property to her as survivor of the community estate of himself and his first wife; but the defect in her answer, in our opinion, is cured by the averments and admissions made in the pleadings of the interveners. It is there alleged, and in fact admitted, that Julius Quast, after the death of his first wife, did qualify as survivor of the community estate. These averments and admissions stated in the petition of the interveners, in effect, brought this issue into the case, and will cure the defect of the pleadings of Mrs. Eddy upon this subject. 19 Texas, 249; 22 Texas, 223; 12 S. W. Rep., 666; 51 Texas, 420; 65 Texas, 701; 68 Texas, 524; 54 Texas, 275.

But· the conveyance executed by Julius Quast to Mrs. Eddy does not show, nor is there any evidence in the record showing, that at the time of this conveyance, Julius Quast sold or conveyed by virtue of the authority conferred upon him as the qualified survivor of the community, or whether he merely sold and conveyed his individual interest, if any. The· subject of the execution of a power, and whether a conveyance will or will not be referred to it, is fully discussed in the case of Hill v. Conrad, 91 Texas, 342. If the administration of the estate of Julius Quast and his first wife still continued, and was in existence under the community survivorship statute at the time that he executed the conveyance to the appellant, Mrs. Eddy, and that conveyance was executed under the power conferred by him as survivor, then it is clear that the absolute and superior title passed to Mrs. Eddy, and she would not have to rely on the defense of estoppel, innocent purchaser or limitation in order to prevail over the claims of the interveners. But, on the other hand, if the administration of the estate under the community statute had lapsed, or the conveyance was not executed in pursuance of a power conferred by that statute upon Julius Quast by reason of his qualification as survivor, then Mrs. Eddy would acquire only the interest that Julius Quast had in the property as an individual, subject, however, to the protection afforded her by the defenses asserted in her answer, if the evidence is of a character to support the same.

The evidence in the record, as before stated, being silent on the question as to whether the administration of the community estate under the survivorship statute was in existence at the time of the execution of the deed to the appellant, and it not appearing that the conveyance was executed by virtue of the power conferred upon Julius Quast as the qualified survivor under that statute, we conclude that no error is pointed out by these assignments, but we have stated our views upon this subject, in view of the fact that the question may arise upon another trial.

The second proposition under the second assignment of error is not in accord with our views of the facts and the issues raised by the pleadings. The point here presented is that if the interveners are entitled to recover, they are limited to two-thirds of a one-half interest in the

land in controversy. The facts in the record with reference to block 6 indisputably show that as between Julius Quast and the interveners there was, in law, a partition of this block; and if the claim of the interveners is to prevail, they are entitled to recover all of the half of the block that is now in controversy. The evidence is obscure upon the subject as to whether or not this property was set aside by Julius Quast to the interveners as the community interest of their mother's estate that they were entitled to; but the fact is clear and without contradiction that long prior to the sale and conveyance by Julius Quast to the appellant, Mrs. Eddy, he had sold and conveyed a half of the block to Galen Crow, which left remaining the half in controversy. As between him, as the surviving parent, who sells a part of the community estate, and his children who are entitled to the community interest of their mother, such a conveyance is held to be a partition, and the survivor who so sells will be estopped from asserting any title to the part unsold, if it does not exceed in value the part previously conveyed by him, which does not appear to be the case here. This principle is decided in Bass v. Davis, 38 S. W. Rep., 269; Wilson v. Helms, 59 Texas, 683, and other cases decided by the courts in this State, which are unnecessary to mention.

The conveyance to Galen Crow by Julius Quast, in law, operated as a partition between him and the surviving children of his first marriage. It is also clear from the evidence that if the two interveners are entitled to recover from the appellant Mrs. Eddy, they are entitled to recover that half of block No. 6 in controversy, together with an undivided half of the ten acres in controversy. There is evidence to the effect that the other child of the marriage of Julius Quast and his first wife is not asserting any claim to the property in controversy, and that she has received her proportionate share of the community estate of her deceased mother.

The point raised in the third proposition under the second assignment of error is obviated by the remittitur filed in this court.

The third assignment of error complains of the action of the trial court in admitting the evidence of Julius Quast to the effect that he, previous to the conveyance to his then wife, Mrs. Eddy, and during the time of the marriage, told her about the existence and the interest of his children, the interveners, in the property in controversy. There is an objection to this evidence on the ground that this statement was made by Julius Quast to his then wife after the date of the conveyance to her. This contention is not borne out by the record. It appears from the evidence upon this subject that the statement informing her of the interest of his children in the property in question was made before the conveyance.

The next objection is to the effect that the husband can not be permitted to testify as to confidental communications made to his wife during marriage. This proposition of law is correct, but it only prohibits communications that are of a confidental nature. Mitchell v. Mitchell, 80 Texas, 116. A sale by the surviving husband of the inter-

est of his children in the community estate of his deceased wife, without authority, is a fraud upon the children, and a purchaser with notice participates in the fraud.   Worst v. Sgitcovich, 46 S. W. Rep., 72.   It is not believed that it is the spirit of the law to regard a communication of the husband to the wife of the existence of a right of third parties which he is attempting to convey to her, and which if accomplished would operate as a fraud upon such parties, as privileged, on the ground that such communication is confidential.  · Edwards v. Dismukes, 53 Texas, 612; Henry v. Sneed, 12 S. W. Rep., 665; Moeckel v. Heim, 36 S. W. Rep., 226.   In our opinion the evidence complained of was admissible.   Its bearing and relevancy is apparent.   The effect of it, if believed by the jury, was to charge the appellant, Mrs. Eddy, with notice of the claim and interest of the appellees, the interveners; or, to say the least of it, it was sufficient to excite her inquiry as to the extent of their claim.

We can not agree with appellant in her fourth assignment of error. The ·facts, in our opinion, do not warrant the contention asserted by appellant.

The fifth assignment of error is not well taken.   Two theories are presented by the pleadings and evidence.   One is that the interveners are entitled to recover the property in controversy by reason of the fact that community funds were invested in its purchase; and the other ground is that there was, in legal effect, a partition of the property between them and their father Julius Quast.

The majority of the court are of the opinion that the sixth assignment of error is well taken; that the requested instruction by the interveners, numbered 9, should not have been given.   But, however, this is not made a ground for reversal, but is disposed of with the cautionary statement that the court upon another trial will not repeat this charge.

The validity of the deed from Julius Quast to Elizabeth Quast Eddy was a matter of legal construction, and its legal effect should not have been submitted to the jury, except the inquiry as to what was the consideration for that conveyance.   The court on that subject peremptorily instructed the jury that the extrinsic evidence showed that the conveyance was executed for a valuable consideration.

Appellant's seventh assignment of error is well taken.   We do not mean to say that the proposition of law there announced was not correct, but the charge there given conflicts with the special charge number 25, given at the request of defendant Eddy.   This special charge is to the effect that the jury were instructed that the uncontradicted parol evidence showed that the property in controversy· was transferred by Julius Quast to Elizabeth Quast Eddy for a valuable consideration. The charge given by the court, which is complained of in the seventh assignment of error, leaves the question of consideration to the jury. In view of the peremptory instruction upon this subject just noticed, there was no question of consideration left for determination by the jury.

There is no merit in appellant's eighth assignment of error. The point raised in the ninth assignment of error has, in effect, been disposed of by what has been said concerning the effect of the deed of Julius Quast to Crow.

We overrule appellant's tenth assignment of error. Upon the question there raised there was a conflict of evidence.

The majority of the court are of the opinion that the charge complained of in the eleventh assignment of error should not have been given. The writer confesses that he is not able to state a good reason why this charge is erroneous, and disposing of it in the way pointed out is in accord with the views of the majority of the court.

In view of the peremptory instruction on the subject of consideration, there was no error in refusing the charges requested, as set out in the sixteenth, seventeenth and twentieth assignments of error.

There was no error in refusing special charge number 13, as set out under appellant's fourteenth assignment of error. There is no evidence in the record tending to show that the children gave consent to Julius Quast to execute the conveyance to the appellant, Mrs. Eddy. It would not have been error for the trial court to give Mrs. Eddy's special instruction number 16, as set out under the appellant's sixteenth assignment of error.

It was error for the court to refuse the appellant's special charge number 9, as set out under the twelfth assignment of error, on the subject of the burden of proof, and for this error the judgment of the trial court will be reversed and the cause remanded. The legal title to the property in question was in Julius Quast, and when he conveyed by deed to the appellant Mrs. Eddy, she was invested with the same character of title. Patty v. Middleton, 82 Texas, 586; Saunders v. Isbell, 5 Texas Civ. App., 515, 24 S. W. Rep., 307; Burleson v. Alvis, 66 S. W. Rep., 236, and Edwards v. Brown, 68 Texas, 329. The title of the interveners was equitable, and the burden rested upon them to establish the fact that the holder of the legal title either purchased with notice of their claim or interest, or was a purchaser without value. Authorities just cited.

As the Bosleys do not appeal and are not complaining of the judgment of the trial court, the judgment in favor of interveners as against them is affirmed; but, for the reasons stated in the opinion, the judgment against the appellant, Mrs. Elizabeth Quast Eddy, is reversed and remanded as to the interveners and as to the plaintiffs William and Martha Bosley.

*Affirmed in part and reversed and remanded in part.*