**BECHERT et al. v. RHEA.** (No. 8228.)

Court of Civil Appeals of Texas. San Antonio. May 22, 1929.

Rehearing Denied June 19, 1929.

Kleberg & North, E. B. Ward, and M. G. Eckhardt, Jr., all of Corpus Christi, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellee.

FLY, C. J. The original petition in this suit was filed by Anna Bechert, Catherine Ricklefsen, Alice J. Savage, joined by her husband, B. Rayburn Savage, and R. G. Allen, the suit being against C. M. Rhea, appellee, and was an action in trespass to try title to lot No. 8, in block 3, Brooklyn Heights addition to the city of Corpus Christi. The first amended petition was filed by Catherine Ricklefsen, Alice J. Savage, joined by her husband, B. Rayburn Savage, and Fred J. Bechert, heirs at law of the original plaintiff, Anna Bechert, deceased, and R. G. Allen; and in

addition to the statutory suit in trespass to try title pleaded 3, 5, 10 and 25 years' limitations. The same parties, except R. G. Allen, claiming to be heirs of Anna Bechert and August Ricklefsen, deceased, filed a second amended petition again suing in trespass to try title and pleading limitations. The cause was tried without a jury and judgment rendered in favor of appellee.

The court, as requested, filed findings of fact, as follows:

"1. The plaintiffs, Katherine Ricklefsen, Alice J. Savage, B. Rayburn Savage and Fred J. Bechert are the heirs at law of Annie Bechert, deceased, who was the wife of August Ricklefsen, deceased, Katherine Ricklefsen and Alice J. Savage being the children of August Ricklefsen and Annie Ricklefsen Bechert, both deceased. Fred J. Bechert is the son of Annie Ricklefsen Bechert, deceased, and R. J. Allen claims through the Ricklefsen heirs, jointly with the other plaintiffs.

"2. The plaintiffs relied upon what is known as the Kinney title and the defendant, C. M. Rhea, relied both upon the Kinney title and upon what is called the Jones title, and the defendant has a complete record chain of title through the Jones title into him; the chain of title relied upon by the plaintiffs has a deed from Matilda Ohler a married woman to William Headen attempting to convey her separate property, which deed was never duly acknowledged by her.

"3. The plaintiffs do not have the record fee simple title to the land involved.

"4. The plaintiffs have not held peaceable, continuous and adverse possession, under title, or color of title from the sovereignty of the soil, of the lot involved in this suit for more than three years before the commencement of this suit.

"5. The plaintiffs, and those under whom they claim have not held, claiming the same under deed or deeds, duly registered, peaceable, continuous and adverse possession of the lot claimed by plaintiffs, cultivating, using and enjoying the same, and paying of taxes as same became due thereon, for a period of more than five years at any time before the filing of this suit.

"6. The plaintiffs, and those under whom they claim, have not had peaceable and adverse possession of the lot in question cultivating, using and enjoying the same for more than ten years at any time before the filing of this suit.

"7. The plaintiffs, and those under whom they claim, have not had actual, continuous, peaceable and adverse possession of the lot and tenements claimed, cultivating, using and enjoying the same for more than twenty-five years at any time before the commencement of this suit.

"8. The defendant, C. M. Rhea, has the better record title to the land involved in this suit."

The court found, and we think properly, that appellants' chain of title was broken and became imperfect because of a certain deed executed by Matilda Ohler, a married woman, to William Headen, of date May 13, 1868, which was void because it was not acknowledged as provided by law. Mrs. Ohler executed a deed to the land in question, being her separate estate, in her own name and as attorney in fact for her husband. She made no acknowledgment as a married woman, but a simple acknowledgment for herself and for her husband as his attorney in fact. While claim is made in several assignments of error that appellants had an unbroken record title to the land, only two propositions are presented and urged, and they are based on the claim that appellants had shown title by 3 and 10 years' limitation. The entire brief seeks to uphold those two propositions.

■ The evidence failed to establish any term of limitations. Appellants failed to show title, or color of title, to the land. Rev. Stats. 1925, arts. 5507, 5508; Haring v. Shelton, 103 Tex. 10, 122 S. W. 13. As said in Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S. W. 1139, where the word "title" as used in the statute is fully discussed by Chief Justice Phillips: "The statute does not recognize as 'title' any mere apparent right to the land granted. While it has reference only to the title originally evidenced by the grant, and disregards all other title, at no stage does it deal with any apparent right under that title, or with any right less than the actual 'interest' or 'estate' created by the grant. The claimant's title must connect with the grant. It does not connect with the grant unless he holds the right vested by the grant. He does not hold such right, unless he has acquired, to the extent that the grant conferred it, the real and beneficial interest in the land. He acquires that interest, if the chain of transfer is sufficient in itself to invest him with it. But the chain of transfer is not sufficient in itself for that purpose, if any grantor in the chain is without the legal power to convey what his deed purports to convey."

■ The deed from Mrs. Ohler, not being acknowledged and not being joined in by the husband, was utterly void. If the husband can legally give a power of attorney to the wife to sign his name and acknowledge a deed to land, there must be some proof of such power of attorney besides the signature of the husband by the wife as "his attorney in fact." The deed of Mrs. Ohler was utterly void and severed the connection of those claiming under such deed with the grant to the land.

■■ The testimony failed to show possession of the land, under the statute of limitations of 10 years. The adverse and peaceable possession of the lots depended on the testimony of a man who was testifying and to

facts which occurred when he was an 11 or 12 year old boy, and his location of the lots was disputed by several witnesses. The court was justified in refusing to credit his testimony. The burden devolved upon appellants to prove by a preponderance of the evidence the several statutory requirements (Rev. St. 1925, § 5510) to create a title by 10 years limitations.

The judgment is affirmed.