## BECHERT et al. v. COWEN. (No. 8227.)

Court of Civil Appeals of Texas. San Antonio.
May 29, 1929.

Rehearing Denied June 19, 1929.

Kleberg & North, E. B. Ward, and M. G. Eckhardt, Jr., all of Corpus Christi, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellee.

FLY, C. J. This is a companion case to the case of Anna Bechert et al. v. C. M. Rhea, 19 S.W.(2d) 173, in which a decision has been rendered by this court affirming the judgment. As in that case, appellants instituted suit of trespass to try title, the property in the first-named suit being lot 8, in block 3, Brooklyn addition to Corpus Christi, and in this suit the property is lot 6, in block 3, of the same addition. The plaintiffs in this case were the same as in the other case with different defendants. C. M. Rhea, appellee in the former case, was an intervener in this case and is an appellee with the representatives of A. B. Cowen, who died pending the suit. Practically the same issues arose in both cases, and the court rendered judgment in favor of intervener C. M. Rhea, for the property sued for, against all the plaintiffs and defendants and the former perfected this appeal. The defendants in the court below have made no complaint as to the judgment, and this case, like the former, is between the same parties in this court.

The findings of fact of the trial judge are adopted by this court:

"1. The plaintiffs, Katherine Ricklefsen, Alice J. Savage, B. Rayburn Savage and Fred J. Bechert are the heirs at law of Annie Bechert, deceased, who was the wife of August Ricklefsen, deceased, Katherine Ricklefsen and Alice J. Savage being the children of August Ricklefsen and Annie Ricklefsen Bechert, both deceased. Fred J. Bechert is the son of Annie Ricklefsen Bechert, deceased, and R. J. Allen claims through the Ricklefsen heirs, jointly with the other plaintiffs.

"2. A. B. Cowen is now deceased and Mrs. A. B. Cowen, Will M. Cowen, Louia Cowen, Mrs. Louise Houck and F. A. Houck are the heirs at law of A. B. Cowen, deceased.

"3. The plaintiffs relied upon what is known as the Kinney title and the intervener, C. M. Rhea, relied upon both the Kinney title and upon what is called the Jones title, and the intervener has a complete record chain of title through the Jones title into him; the chain of title relied upon by the plaintiffs has a deed from Matilda Ohler, a married woman, to William Headen attempting to convey her separate property, which deed was never duly acknowledged by her.

"4. If the deed from the intervener, C. M. Rhea, to A. B. Cowen was signed and acknowledged by the intervener and delivered to A. B. Cowen on the 20th day of May, 1921, which I find was done, same was done in consideration of A. B. Cowen clearing the title to lots number 6 and 8 in Block 3 of Brooklyn Addition to the City of Corpus Christi, Texas, and A. B. Cowen failed to perform such services for the intervener, C. M. Rhea, and there was no consideration for such deed.

"5. The plaintiffs do not have the record fee simple title to the land involved.

"6. The plaintiffs have not held peaceable, continuous and adverse possession, under title, or color of title from and under the sovereignty of the soil, of the lot involved in this

suit for more than three years before the commencement of this suit.

"7. The plaintiffs, and those under whom they claim, have not held, claiming the same under deed or deeds, duly registered, peaceable, continuous and adverse possession of the lot claimed by plaintiffs, cultivating, using and enjoying the same, and paying of taxes as same became due thereon, for a period of more than five years at any time before the filing of this suit.

"8. The plaintiffs, and those under whom they claim, have not had peaceable and adverse possession of the lot in question, cultivating, using and enjoying the same for more than ten years at any time before the filing of this suit.

"9. The plaintiffs, and those under whom they claim, have not had actual, continuous, peaceable and adverse possession of the lot and tenements claimed, cultivating, using and enjoying the same for more than twenty-five years at any time before the commencement of this suit.

"10. The intervener, C. M. Rhea, has the better record title to the land involved in this suit."

The facts failed to establish limitations pleaded by appellants, and our reasons for so holding are given in our opinion in the companion case and need not be repeated. The first and tenth propositions presenting question of limitations are overruled.

■ It is insisted through the second, third, and ninth propositions that, C. M. Rhea being a *voluntary* intervener, the duty was devolved upon him of proving title as it devolved upon a plaintiff. Interveners always enter suits of their own volition, and the rules as to them would be the same in all land cases. The plaintiff is no more a voluntary actor than the intervener, as the latter cannot be impleaded, for he then becomes a defendant. The plaintiff in a land suit must always recover upon the strength of his own title, and not upon the weakness of others, and the intervention of a third person does not lift that burden nor change the rule as to the plaintiff. As held in the case of Eddy v. Bosley, 34 Tex. Civ. App. 116, 78 S. W. 565, the position of the intervener was that of plaintiff so far as the defendants are concerned, but he did not occupy that position as to the plaintiffs. Nothing contrary to this rule is anounced in the case of Noble v. Meyers, 76 Tex. 280, 13 S. W. 229, cited by appellants. No matter how many may intervene in an action of trespass to try title, the rule is inexorable that the plaintiff can recover alone upon the strength of his own title. The defendants in this case might demand that the intervener should as to them depend upon the strength of his title, but they make no complaint of the judgment. Intervener showed a better title than either appellants or appellees showed. The second and third propositions are overruled.

■ Intervener claimed the lot in question by and through a deed executed by the United States marshal, for the Eastern district of Texas, by virtue of a sale made under a judgment rendered by the Circuit Court of the United States, in which J. Temple Doswell was plaintiff and William Ohler was defendant; the deed having been made to N. Gussett. Appellants objected to the deed because the marshal sold the property before the Federal courthouse in Galveston instead of before the courthouse of Nueces county. Appellants have no ground of complaint, because independent of the marshal's deed the intervener had a record title to the land and appellants failed to show title to the land in themselves. The defendants in the lower court offered no objection to the testimony. What has been said applies to the instrument mentioned in the sixth, seventh, eighth, and tenth propositions. Appellants were not injured by the admission of the instruments even though they were inadmissible. The trial judge showed by his findings that he disregarded such instruments in rendering judgment.

None of the assignments of error have any merit, and the judgment will be affirmed.