### B. F. IVEY v. J. W. HARRELL ET AL.

#### No. 18.

1. **Practice in Appellate Court.**—When there is no statement of facts, but the conclusions of fact and law of the district judge are found in the record, in order to reverse the judgment it must affirmatively appear to be wrong, from the facts found by the judge.

2. **Res Adjudicata.**—In 1875 a suit was pending in Rusk County, styled Berry et al. v. Harnage et al., which involved the west quarter of the Reel league, in which league appellant. a minor, at that time had an undivided interest. Two separate pleas of intervention were filed in that suit: one by the Flanagans and the other by the Iveys: the latter being the appellant (represented by a guardian ad litem) and his brothers, adults. By these interventions the north quarter of the league, in which appellant had an interest, was introduced into the litigation, and the trial (at which all the parties were represented) resulted in a judgment settling the title of the west quarter. and a further judgment upon an agreement between the intervenors settling their rights in the north quarter and partitioning it between them. *Held*, the court had jurisdiction of the person of appellant and the subject matter, and the judgment therein was binding on him and a bar to this action, which was for a part of the land partitioned.

3. **Special Guardian—Next Friend.**—The law in force in 1875 provided for the appointment of a special guardian to take care of the interests of a minor in a suit pending or about to be commenced. Pasch. Dig., arts. 6969, 6970. Before that statute was passed, and since its repeal, minors could sue by next friend, and there is nothing in those provisions which would prevent a suit or an intervention being brought before the court in that manner. The brothers of the appellant brought him in by their plea of intervention. and if necessary, in the absence of record evidence to the contrary, it would be presumed that in doing so they acted in the capacity of next friend.

4. **Agreement of Guardian.**—The fact that the judgment was rendered upon the agreement of the guardian does not render it void. The guardian acted under the supervision of the court, and in a collateral proceeding it must be presumed that the court ascertained the facts upon which the agreement was based. and allowed no wrong done to the minor.

5. **Intervenors** may occupy the positions of either plaintiffs or defendants, and all the elements of a cause of action or ground of defense may be contained in their pleading, and parties may come into court as effectually by that method as by original suit.

**6. Collateral Attack.**—If by the intervention other land was improperly made a subject of controversy, the action of the court in allowing it might be irregular, but its jurisdiction would not be affected. Whether such a state of facts was shown as to make it proper to bring all the land in or not, the parties were before the court, seeking to litigate over a subject of which it had jurisdiction, and its judgment entertaining and determining their suit can not be collaterally attacked

**7. Final Judgment.**—The court below has found that the judgment rendered in Berry v. Harnage, as between the intervenors, was a part of the final judgment, and there is no merit in appellant's contention that it was a separate decree.

**8. Direct Proceeding to Set Aside Judgment.**—After the partition judgment was rendered an execution for costs was issued against the Iveys, under which the interest of appellant in the league was sold and one Bagley became the purchaser. He is not a party to this suit, nor do any of the defendants claim under him. None of the parties to the suit of Berry v. Harnage are parties to this, wherefore this case can not be considered a direct proceeding to set aside that judgment, but was correctly treated by the court below as an ordinary action of trespass to try title.

APPEAL from Rusk. Tried below before Hon. A. J. BOOTY.

The opinion states the case. Pleading of the defendants alleges that they own their several parts of the land sued for by purchase from those to whom it was allotted in the partition judgment in Berry v. Harnage.

*W. B. Morris* and *J. R. Arnold*, for appellant.—1. The court erred in admitting in evidence that part of the judgment in Berry v. Harnage entered by agreement. Because: (1) The subject matter and every right of all parties was settled by that part of the decree founded on the verdict of the jury (2) The decree on the verdict ended the power of the court and of the guardian ad litem over said minors and their property. (3) The rights of the minors are specially preserved from any prejudice by said decree. (4) Intervenors can not claim or litigate matters not already involved in suit. (5) The final judgment on the verdict left nothing for intervenors to partition. (6) There can be no judgment after a final judgment. Rev. Stats., art. 1337; Wooton v. Manning, 11 Texas, 328; Watts v. Overstreet, 78 Texas, 571–576; Handel v. Elliott, 60 Texas, 146; McFarland v. Hall, 17 Texas, 690; Ragland v. Wisrock, 61 Texas, 397; Whitman v. Willis, 51 Texas, 426, and cases cited; Freem. on Judg., sec. 142; 1 Black on Judg., secs. 14, 21; Frisby v. Withers, 61 Texas, 155.

2. The court erred in denying appellant relief in this suit. Because: (1) This suit was good as a bill of review. 54 Texas, 225. (2) It was good as a second suit under former law. 54 Texas, 231. (3) There was no need of two suits, one to vacate the former judgment and one to recover the land, under our laws. 54 Texas, 225; 66 Texas, 389, 390; 1 Bige. on Fraud, 94.

3. The court erred in not holding Bagley and his legatees trustees for

plaintiff, and that plaintiff could not be relieved of said sale in this suit. McLaury v. Miller, 64 Texas, 381; 18 Texas, 658; 1 Bige. on Fraud, 281, and note 2.

*James H. Jones* and *J. H. Woods,* for appellees.—1. Appellant, B. F. Ivey, was properly before the court in case No. 3079 in the year 1875, by his guardian ad litem, S. R. Whitley.    Ins. Co. v. Ray, 50 Texas, 511; Rev. Stats., art. 1211; Abrahams v. Vollbaum, 54 Texas, 226; Montgomery v. Carlton, 56 Texas, 361; Martin v. Weyman, 26 Texas, 467, 468; Bige. on Estop., 49, 50; Freem. on Judg., secs. 151, 513.

2.  The court will look to the office to be performed by one who represents a minor in a legal proceeding, and it is immaterial by what name he is designated.    Martin v. Weyman, 26 Texas, 467, 468; March v. Walker, 48 Texas, 372; Ins. Co. v. Ray, 50 Texas, 511; Pucket v. Johnson, 45 Texas, 550; Bond v. Dillard, 50 Texas, 302; Brooke v. Clark, 57 Texas, 105.

3.  The pleadings of the two sets of intervenors, the Flanagans and Iveys, brought the land properly before the court, so as to give jurisdiction of the subject matter, and the judgment rendered was valid and legal.    Mikeska v. Blum, 63 Texas, 44; Long v. Brenneman, 59 Texas, 210; Yturri v. McLeod, 26 Texas, 84; Sayles' Civ. Stats., sec. 156; Freem. on Judg., secs. 116, 124, 125, 131, 134; Hollis v. Dashiell, 52 Texas, 197.

4.  Appellant could not have the judgment in case No. 3079 set aside without a direct proceeding to that effect.    Nichols v. Dibrell, 61 Texas, 539; Harrison v. McMurray, 71 Texas, 126; Heath v. Layne, 62 Texas, 686; Williams v. Nolan, 58 Texas, 708; Slaughter v. Owens, 60 Texas, 668; York v. Cartwright, 42 Texas, 136; Saunders v. Howard, 51 Texas, 23.

WILLIAMS, Associate Justice.—Action of trespass to try title by appellant against appellees, to recover a tract of 540 acres of land, part of the Daniel Reel league.    Appellees pleaded various defenses, but one of which need be stated.    That was a plea setting up as a bar to this action a former judgment of the District Court of Rusk County.    Appellant in reply to this plea asserted that the judgment was void, for the reasons hereinafter considered.    The parties to that judgment were not made parties to this suit, and there was no prayer for reviewing or setting it aside.

The case was tried by the court without a jury, and a judgment rendered for the appellees, on the ground that the former judgment precluded appellant from recovering.

There is no statement of facts, but the findings of law and fact of the district judge are in the record, and the question for determination here

is, whether or not the conclusion of law that such former judgment was not void, but bound plaintiff, was correct.

In order to reverse that ruling, it must affirmatively appear to be wrong from the facts found, for we are without any other means of reviewing it.

The material facts thus found are: That plaintiff, prior to that judgment, had title to an undivided interest in the land sued for; that in 1875, there was pending in the District Court of Rusk County a suit in which Berry and others were plaintiffs and Harnage and others defendants, which involved what is called the west quarter of the Reel league. In that suit, in 1875, two separate pleas of intervention were filed, one by the Flanagans and one by the Iveys. Among the latter were the appellant and his brothers, who were joint owners with him. Appellant at that time was a minor, but several of his brothers who intervened with him were adults, and had employed attorneys to represent them in the intervention. The minutes of the court recite that the intervenors appeared, and that S. R. Whitley was appointed guardian ad litem for plaintiff, and that he qualified by giving the bond fixed by the court and taking oath as required by law.

It appears by the two interventions that the north quarter of the Reel league, of which the land in controversy is a part, was introduced into the litigation in that suit. A trial was had at the August Term, 1875, at which all the parties, plaintiffs, defendants, and intervenors, including plaintiff represented by his guardian ad litem, appeared. A verdict was rendered as to the matters in issue between the plaintiffs and defendants, and a judgment was rendered thereon settling the title to the west quarter of the league. An agreement was then presented to the court between the intervenors, settling their controversies as to the north quarter, and a judgment was entered in accordance therewith for partition of that part of the league among the several claimants. Appellee was represented in this agreement and judgment by his guardian ad litem.

After the judgment was rendered an execution for costs issued against the Iveys, and was levied on all their interest in the Reel league. At the sale, N. G. Bagley, who was their attorney in that suit, bought in the land for $10. It was worth $500 or $600. It does not appear that any of the defendants are claiming under that sale, Bagley's representatives not being made parties.

It is claimed by appellant that the judgment was void because he was not legally a party to the suit. The law then in force provided for the appointment of a special guardian to take care of the interests of a minor in a suit pending or about to be commenced, to which such minor was a proper party; such appointment to be made by the court in which the suit was pending or about to be commenced. Pasch. Dig., arts. 6969, 6970. Before that statute was passed, and since its repeal, minors could sue by next friend, and there is nothing in those provisions which would

prevent a suit or an intervention being brought before the court in that manner. The brothers of appellant brought him into court by the plea of intervention, and in the absence of the record showing to the contrary it would be presumed, if necessary to support the action of the court, that in so doing they acted in the capacity of next friend.

The fact that the proceeding was an intervention could not affect the question, for intervenors may occupy the position of either plaintiffs or defendants, and all the elements of a cause of action or ground of defense may be contained in such pleading. Parties may come into court by that method as effectually as by original suit. When they were introduced into the suit it was proper for the court to appoint guardians for them. Bond v. Dillard, 50 Texas, 309.

We must conclude therefore that the plaintiff was before the court in the case of Berry v. Harnage in such a manner as to give that court jurisdiction over his person. Martin v. Weyman, 26 Texas, 468.

The fact that the judgment was rendered on the agreement of the guardian does not render it void. The guardian acted under the supervision of the court, and, in a collateral proceeding, it must be presumed that the court ascertained the facts upon which the agreement was based and allowed no wrong done to the minor.

It might be erroneous for a court to base its judgment upon an agreement of the guardian, but this would not render its action void. It is the judgment which binds, and not the agreement. Hollis v. Dashiell, 52 Texas, 187.

If, by the interventions in the case of Berry v. Harnage, other land was improperly introduced as the subject of the controversy, the action of the court in allowing it might be irregular, but its jurisdiction would not be affected. A state of facts might be supposed in which it would have been proper to bring all of the land in, in order to adjust controversies and rights which extended through all of it. Whether such a case was made by the pleadings or not, parties were before the court seeking to litigate over a subject of which it had jurisdiction, and its judgment entertaining and determining their suit can not be collaterally attacked.

The judgment as between the intervenors is found by the court below to be a part of the final judgment settling the controversy of the plaintiffs and defendants, and there is no merit in appellant's contention that it is a separate decree.

This can not be treated as a direct proceeding to set aside the judgment. The allegations and prayer of the petition show no such object, and none of the parties to that judgment are before the court. The same may be said as to the execution sale to Bagley. His representatives are not made parties, and it is not made to appear that any of the defendants hold under that sale. Neither the pleadings nor the findings of the judge show that

the proper parties are before the court to enable us to pass upon the validity of that sale.

The court below was right in treating the suit simply as an action of trespass to try title, and not one to review and set aside the judgment and the sale to Bagley, and its judgment should be affirmed.

*Affirmed.*

Delivered November 3, 1892.