### SECURITY STATE BANK v. MERRITT et ux. (No. 1908.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 15, 1922.)

1. **Judgment**  525—Record held not to show intervener was present at trial authorizing affirmative judgment against him.

Recitals in judgment that intervener "filed a plea of intervention" and that "the plaintiffs answered the plea and announced ready on the pleadings" *held* not to show intervener was present in court at the trial of the case, so that a judgment other than one of dismissal could be entered.

2. **Judgment**  116—**Pleading**  141—Judgment of dismissal only where plaintiff does not appear or have notice of defendant's claim for affirmative relief.

Where a plaintiff does not appear and prosecute his suit, the only proper judgment, in the absence of pleading by the defendant asking for affirmative relief, is to render judgment dismissing the case, and, if defendant pleads for affirmative relief, notice to the plaintiff of such pleading is required before judgment may be had thereon.

3. **Cancellation of instruments**  35(3)—Mortgagee held proper but not necessary party in suit to set aside a deed.

In a suit to set aside a deed for fraud, a purchaser of a note and deed of trust executed by the defendant grantee was a proper but not a necessary party.

4. **Parties**  48—Plaintiff held not entitled to affirmative judgment against intervener not appearing at trial.

In action to set aside a deed for fraud, where purchaser of note and deed of trust executed by grantee intervened, plaintiff was not entitled to a judgment, other than one of dismissal, against the intervener, where it did not appear at the trial and had no notice of a cross-action by plaintiff asking for affirmative relief.

5. **Cancellation of instruments**  45—Burden of proof on plaintiff to show intervener holding mortgage had notice of fraud of maker, defendant in action to cancel deed.

In action to set aside a deed for fraud, where purchaser of note and deed of trust executed by defendant grantee intervened, the burden of proof on issue as to whether intervener had notice of defendant's fraud was on the plaintiffs.

Error from District Court, Yoakum County; Joe J. McGowan, Special Judge.

Suit by J. F. Merritt and wife against M. Whitley, in which the Security State Bank intervened. Judgment for plaintiffs, and in-

---

    For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tervener brings error. Reversed and remanded.

G. E. Lockhart, of Tahoka, for plaintiff in error.

Reeder & Reeder, of Amarillo, for defendant in error J. F. Merritt.

BOYCE, J. J. F. Merritt and wife, Ella Merritt, brought this suit against M. Whitley, to cancel a deed, whereby they had conveyed 160 acres of land to the said Whitley, alleging that the execution of said deed was procured by fraud. The Security State Bank, plaintiff in error, filed a plea of intervention in said cause. Thereafter judgment was rendered for the plaintiffs against Whitley and the intervener.

Plaintiff's petition was filed on November 13, 1920. M. Whitley alone was made defendant. It as alleged that about July 1, 1919, the said M. Whitley, by certain fraudulent representations, secured the deed which was sought to be canceled. On March 28, 1921, the Security State Bank filed a plea of intervention, reciting therein that leave of the court had first been had. In this plea the intervener alleged that on April 1, 1920, M. Whitley executed a note for $4,000, payable to R. A. Cox, and secured its payment by deed of trust on the land deeded to Whitley by the plaintiffs; that thereafter the intervener purchased said note and deed of trust lien in good faith for a valuable consideration, without knowledge of the fraud, if any, practiced by the said Whitley in securing the title to said land; that the deed of trust had been duly placed of record before the filing of plaintiff's suit; and that the intervener was a necessary party to such suit. The prayer was that plaintiffs take nothing against the intervener and that in the event judgment should be rendered against M. Whitley the land should be held by plaintiffs subject to the deed of trust lien owned by the intervener. The term of the court convened on April 18, 1921, and on April 19th the plaintiff filed an answer to the plea of intervention. This pleading consisted of a general exception, general denial, and special allegations recited to be made "for cross-action against the intervener." These allegations merely state that the intervener secured the lien claimed by it with notice of the fraudulent manner of the acquisition of the title by Whitley. The prayer of this pleading is that the intervener take nothing and that plaintiffs have judgment against it for the title and possession of the land in controversy and for cancellation of all deeds, mortgages, and transfers from Whitley to it. On the 19th day of April, 1921, judgment was rendered in the case which reads in part as follows:

"On this, the 19th day of April, 1921, this cause was called for trial, and it appearing that the defendant M. Whitley had been cited by publication as required by law, and had filed no answer, whereupon the court appointed Hon. Roscoe Wilson as attorney ad litem, to represent said M. Whitley and said Roscoe Wilson having filed an answer, the plaintiffs and said M. Whitley announced ready. And it further appearing that the Security State Bank of Fort Worth, Tex., a corporation organized under the laws of Texas, has filed a plea of intervention herein, claiming a lien on the land in controversy, and that plaintiffs have filed answer to said intervention and cross-action against intervener to recover the land as against it, and for other relief, and announced ready on said pleadings. A jury being waived the matters of law and of fact were submitted to the court, who having heard the pleadings, the evidence and argument of counsel, is of opinion that plaintiffs should recover as prayed for. It is therefore ordered, adjudged, and decreed by the court that the plaintiffs, J. F. Merritt and Ella Merritt do have and recover of and from the defendant M. Whitley, and the intervener, Security State Bank of Fort Worth, a corporation, judgment. And it is hereby decreed that the deed of date July 11, 1919, * * * be and the same is hereby canceled and held for naught, and all right, title, and interest of the defendants, M. Whitley and Security State Bank, and all persons holding or claiming under them in and to said above-described land, be and same are hereby canceled and declared void. And it is further ordered and decreed that all claims and title of above defendants to said above-described land, be divested out of said M. Whitley and Security State Bank and be vested in the plaintiffs, J. F. and Ella Merritt. It is further ordered and decreed by the court that the intervener, the Security State Bank, take nothing by its plea of intervention and as to same the plaintiffs go hence."

On the same day there was prepared an agreed statement of "all the facts adduced on the trial," signed by the plaintiffs' attorneys and the attorney ad litem for M. Whitley, describing themselves as "the attorneys for all of the parties to the above numbered and entitled cause." This statement was duly approved by the trial judge and filed.

[1] The first proposition asserted by the plaintiff in error is that it appears from the record as above referred to that the intervener was not present at the trial and had no notice of plaintiff's cross-action, and the only judgment that could have been rendered against it was one of dismissal. In answer to this proposition, the defendants in error contend that it appears from the recitals of the judgment that the intervener was present and "announced ready on said pleadings." We do not so construe such recital. It is recited that the intervener "filed a plea of intervention," but a new subject then appears in the sentence, "the plaintiffs," who, it is recited, "answered the plea and announced ready on the pleadings." This meaning of the sentence referred to is in accord with the other proceedings. The state-

ment of facts prepared on the day of the trial is signed only by the attorneys for the plaintiffs and the attorney ad litem appointed to represent the nonresident defendant. It is obvious to us from an examination of the whole record that the intervener was not present in court at the trial of the case.

[2-4] Where a plaintiff does not appear and prosecute his suit, the only proper judgment, in the absence of pleading by the defendant asking for affirmative relief, is to render judgment dismissing the case. Drummond v. Lewis, 157 S. W. 268; Parr v. Chittim (Com. App.) 231 S. W. 1079. If the defendant pleads for affirmative relief against the plaintiff, who does not appear, notice to the plaintiff of such pleading is required before judgment may be had thereon. Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172; Commercial Credit Co. v. Wilson, 219 S. W. 298. So if we apply the rules that would be applicable to a plaintiff in the situation of the intervener, the trial court rendered an erroneous judgment. Whether an intervener is to be treated as a plaintiff or a defendant would seem to depend on the character of rights asserted and relief asked by him in his plea. Ivey v. Harrell, 1 Tex. Civ. App. 226, 20 S. W. 775; Townes on Pleading (2d Ed.) p. 296. The pleading of the intervener in this case is of a defensive character as to rights growing out of the deed which the plaintiffs attack. It pleads "that it (the intervener) was a necessary party to plaintiff's suit." If the allegations of the plea of intervention be true, the intervener was a proper, though, under our decisions, not a necessary party. Silberberg v. Pearson, 75 Tex. 287, 12 S. W. 850; Black on Rescission & Cancellation of Insts. par. 661. The Supreme Court, in the case of Noble v. Meyers, 76 Tex. 280, 13 S. W. 230, said:

"An intervener against whom no affirmative relief is asked by the pleadings of the other parties to the cause occupies so much the position of a plaintiff that the only proper action to take with regard to him, when he fails to appear, is to dismiss his suit for want of prosecution."

We are not satisfied that there is any substantial distinction to be drawn between that case and this one.

[5] However, if it should be held that the pleadings of the intervener in this case make him a party defendant to such an extent that the rule referred to in the case of Noble v. Meyers, supra, should not apply, then we must sustain the second assignment and hold that the evidence was not sufficient in any event to have warranted a judgment against the intervener as a defendant. If we strike out the pleading of the intervener and the plaintiffs' answer thereto, then, of course, there would be no basis for judgment against the intervener as a party "defendant." So that the plaintiffs, for pleading to sustain such a judgment, must rely on the allegations of the plea of intervention and their own so-called cross-action, which, we take it, they might do in a proper case. Hill v. George, 5 Tex. 87; Grimes v. Haygood, 19 Tex. 246; Harliss v. Hay, 174 S. W. 1020; Doby v. Sanders, 198 S. W. 806. Now the substance of these allegations is that the intervener has a deed of trust on the land acquired from Whitley, after the execution of the deed to him, and issue is tendered as to whether the intervener, in taking the lien, had notice of the fraud of Whitley in securing the deed. The burden of proof, we assume, would be on the plaintiffs to show such notice. The plaintiffs' evidence wholly fails to make out their case. The only testimony offered is to the effect that Whitley made certain representations to the plaintiffs to induce them to convey the land to him. No evidence whatever was offered as to the falsity of these representations. So that in no event were the plaintiffs entitled to the judgment rendered.

Reversed and remanded.