## SOUTHERN EQUIPMENT CO. v. HALLMAN ELECTRIC CO. et al. (No. 8058.)

Court of Civil Appeals of Texas. San Antonio.
Oct. 24, 1928.

West & Hightower, of Brownsville, for plaintiff in error.

E. T. Yates, of Brownsville, for defendants in error.

SMITH, J. The Southern Equipment Company, a corporation domiciled in San Antonio, brought this action on open account for $669.09 against K. E. and A. C. Hallman, doing business at San Benito under the trade-name of Hallman Electric Company. The suit was brought in Bexar county, but was transferred, on the defendants' plea of privilege, to a county court of Cameron county, where the transcript was filed on November 12, 1927. Nothing was done in the case by the parties until January 14, 1928, when the defendants filed their original answer and a cross-action, in which they sought recovery against the

equipment company for $935 damages for breach of contract. On the same day this answer and cross-action was filed, and without notice, and in the absence of the equipment company and its counsel, the cause was tried and judgment was rendered in · favor of each party for the amount prayed for, which resulted in a net recovery to the Hallmans for $265.91 upon their cross-action. The equipment company has prosecuted writ of error. The parties will be referred to as appellant and appellees.

There is no statement of facts in the record, and therefore every fact necessary to sustain the judgment will be presumed to have been proven and found by the trial court. The omission of the statement of facts does not warrant dismissal of the writ of error in any case, however, and appellees' contention and motion for dismissal on that ground must be overruled.

The question is in the case of whether or not a cross-action for damages can be interposed in set-off and as a counterclaim to a suit on open account, but there is no occasion to determine that question here. On the record presented it is probably true that the cross-action was properly interposed, but we will not foreclose the matter by deciding it on this appeal, which is controlled by another question.

As stated, appellant's suit was upon an open account. Appellees on a certain day filed an answer to the claim of open account, and in addition to that answer set up a cross-action in which they pleaded a contract between the parties, and alleged that appellant had breached that contract, to appellees' damage in an amount substantially in excess of appellant's claim. The contract concerned matters apparently in no way directly related to the open account, and constituted wholly new matter in the suit. No citation or other notice was served upon or given appellant of the filing of this cross-action, and appellant entered no appearance therein. On the contrary, on the very same day of filing the cross-action, and in the absence of appellant, appellees took judgment for the full amount sued for in their cross-petition.

■■■ It is well settled that although the plaintiff in a suit is charged with notice of all pleadings filed in defense of his suit, he is entitled to notice of interventions and cross-actions affirmatively setting up causes of action against him, and judgments rendered against him upon such interventions and cross-actions, in the absence of notice, waiver, or appearance, will be set aside on appeal. Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172; Security State Bank v. Merritt (Tex. Civ. App.) 237 S. W. 990; Smith v. Carr (Tex. Civ. App.) 173 S. W. 602.

On account of the error in rendering judgment upon the cross-action against appellant, without notice to appellant of the · filing of such cross-action, or waiver of such notice, or appearance by appellant, the judgment must be reversed and the cause remanded.