### SAVAGE et al. v. COWEN et al.
### No. 1195—5539.

Commission of Appeals of Texas, Section B. Dec. 20, 1930.

434

Kleberg & North, M. G. Eckhardt, Jr., and E. B. Ward, all of Corpus Christi, for plaintiffs in error.

Sidney P. Chandler, of Corpus Christi, for defendants in error.

RYAN, J.

This is a companion case to Alice J. Savage et al. v. C. M. Rhea, 33 S.W.(2d) 429, this day decided. Plaintiffs in error state in their application for writ of error herein filed "the questions are the same, except in this case, Cowen was the defendant, Rhea having apparently deeded his interest to Cowen. Except as to the deed from Rhea to Cowen, practically the same questions are involved." As stated by the Court of Civil Appeals (Bechert et al. v. Cowen, 19 S.W.(2d) 175), the property involved in the other suit·is lot No. 8 in block No. 3, Brooklyn addition to the city of Corpus Christi, and in this suit the property involved is lot No.. 6 in block 3 of the same addition. The plaintiffs in both cases are the same. C. M. Rhea, defendant in the other case, intervened in this case and is a defendant in error here, with the representatives of A. B. Cowen (original defendant), who died pending the suit; practically the same major issues are in both cases (though in this case the record seems to be more complete, in that certain bills of exception, not shown in the other record, are included here, and this application for writ of error contains other specifications of error, based thereon and on the alleged different position of Rhea, original defendant there but a voluntary intervener here, with the Cowen heirs as original defendants); the trial court rendered judgment in favor of the intervener, Rhea, for the property against all the plaintiffs and defendants, which judgment was affirmed by the Court of Civil Appeals.

A. B. Cowen, original defendant, filed answer containing plea of not guilty, and pleas of limitations of three, five, and ten years, but no answer .was filed or appearance made by his legal representatives, who were impleaded by plaintiffs in an amended petition, in which recovery was also sought against C. M. Rhea, designated therein as intervener.

By their first and second assignments, plaintiffs in error contend that Rhea as intervener stands in the relation of plaintiff as to the original plaintiffs and defendants, and was therefore required to establish in himself a superior record title, and cannot recover upon the weakness of the title of either the original plaintiffs or defendants.

■ Interveners may occupy the position of either plaintiffs or defendants. Ivey v. Harrell, 1 Tex. Civ. App. 226, 20 S. W. 775; Simkins v. Searcy, 10 Tex. Civ. App. 406, 32 S. W. 849. By seeking recovery against intervener as well as defendants, intervener became a defendant as to plaintiffs; his claim is adverse to that of plaintiffs, and, as against them, his position is the same as that of the original defendants. Therefore these assignments are overruled.

Plaintiffs in error's third and fourth assignments complain of the admission in evidence of a deed from the United States marshal for the Eastern District of Texas, by virtue of a sale under a judgment of the circuit court in which J. Temple Doswell was plaintiff and William Ohler was defendant, the deed having been made to N. Gussett. Independent of the marshal's deed, the record title, as is shown in our opinion in Alice J. Savage et al. Plaintiffs in Error v. C. M. Rhea, Defendant in Error, 33 S.W.(2d) 429, is not in plaintiffs in error, and therefore, even if such marshal's deed had been excluded, the decision must have been the same. .

Their fifth assignment complains of the admission in evidence of the patent from the state of Texas to Levi Jones, assignee of Jose. Maria Bargas, because the land covered thereby is in conflict with that covered by the Mexican grant to Enrique Villareal. This contention is disposed of, adversely to ·plaintiffs in error, in our opinion in said case, Savage v. Rhea, and it is unnecessary to repeat it here.

Their sixth and seventh assignments complain of the introduction in evidence of certain tax deeds to the Corpus Christi City & Land Company; and their ninth assignment complains of the introduction in evidence of the inventory and appraisement of Matilda Ohler's estate. These are unimportant matters, and, if excluded, the decision could only have been the same.

Under the eighth, tenth, and twelfth assignments it is contended that judgment should have been for plaintiffs in error on the proposition that the intervener failed to show title in himself either by limitation or by an unbroken chain of record title, and that the evidence conclusively shows the superior title in them. For the reasons stated in our opinion in Savage v. Rhea, these contentions must be overruled.

■ The eleventh assignment attacks the trial court's third finding of fact on the ground that there is no legally admissible testimony in the record to show that the deed from Matilda Ohler to William Headen was not duly acknowledged by her, nor that she was a married woman, "and for the further reason that the undisputed testimony shows that the said deed was duly acknowledged."

The acknowledgment to that deed (which was a special warranty), dated May 4, 1868, taken before the county clerk, recites as follows: "Before me, the undersigned authority,

personally appeared Matilda Ohler, the maker of the instrument of writing on the reverse hereof contained, whose identity is to me well known, and who acknowledged that she had signed and executed the same in her capacity as agent and attorney in fact for Edward Ohler, her husband, and also in her individual right for the consideration and purposes therein set forth and expressed." Matilda Ohler's last will and testament, dated September 5, 1869, and probated on December 26, 1869, devises certain property to her husband, Edward Ohler, and certain other property to her son, William Ohler, who is also appointed independent executor "to carry out" the will.

Headen, the grantee, therefore, at least from the certificate of acknowledgment, had full notice that Mrs. Ohler was a married woman, and in his special warranty conveyance to Ricklefsen under whom plaintiffs in error claim referred to the deed to him from Mrs. Ohler, giving the book and page of the record, for a more full description of location and chain of title. Said third finding of fact has ample evidence in its support.

Fundamental error is assigned, in that the record shows that defendant in error, Rhea, executed a deed to A. B. Cowen conveying the lot here in controversy. Rhea, in his cross-action, denied the execution of said deed, and pleaded, in the alternative, that the consideration therefor had failed. The trial court found that said deed was executed and delivered, but it was in consideration of Cowen clearing the title to lots 6 and 8 in block 3 of Brooklyn addition to the city of Corpus Christi, and Cowen failed to perform such service, and there was therefore no consideration for such deed. This was a separate controversy between Rhea and the heirs of A. B. Cowen which did not concern plaintiffs in error.

The heirs of A. B. Cowen made no appearance and no complaint as to the judgment. Plaintiffs in error cannot complain that judgment was wrongfully rendered in favor of Rhea against the heirs of Cowen without service of citation on or appearance by them—only said Cowen heirs can urge that complaint in a proper proceeding by them, and it is not intended in the disposition of this case to foreclose them of that right.

The district court properly decided against plaintiffs in error, and, as they are the only parties complaining here, we recommend that the judgment of said court and of the Court of Civil Appeals be affirmed.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.