### SAVAGE et al. v. RHEA.
### Motion No. 9419; 1194—5538.

Commission of Appeals of Texas, Section B.

Feb. 18, 1931.

For original opinion, see 33 S.W.(2d) 429.

Kieberg & North, M. G. Eckhardt, Jr., and E. B. Ward, all of Corpus Christi, for plaintiffs in error.

Sidney P. Chandler, of Corpus Christi, for defendant in error.

RYAN, J.

Plaintiffs in error complain of our refusal to consider certain assignments contained in their application for writ of error because not supported by the record as filed with us in this case.

Counsel assert that this case [33 S.W.(2d) 429] and Elizabeth Savage v. A. B. Cowen, 33 S.W.(2d) 433, concerning an adjoining lot, were tried together and involve the same chain of title, except in the other case it appeared that C. M. Rhea, defendant in error here, conveyed the lot there involved to A. B. Cowen; the deed to Cowen being in question in that case, and that alone makes the difference.

Counsel in their application for writ of error state that the statements of fact in the two cases are identical except defendant in error, Rhea, intervened in the Cowen Case, and the question of his deed to Cowen was there considered, and they adopt herein the assignments in their application for writ of error in the Cowen Case, as well as the argument and authorities.

The effect of counsel's contention is that we should have considered the record in the Cowen Case in supplying any defects in the record here.

These cases reached us with separate transcripts, separate statements of fact, separate applications for writ of error—in short, with separate records.

In disposing of this case, we did so on its said record, and, in disposing of the other case, we did so on that record, the transcript in which seems to be more complete than the transcript here, as is shown in our opinion. Savage v. Cowen (Tex. Com. App.) 33 S.W.(2d) 433.

So far as this record is concerned, we can consider only the questions properly raised in it: in the Cowen Case we considered the questions properly raised there.

If the application for writ of error here was prepared by counsel with only the record in the Cowen Case before him, on the assumption that both records are the same, then, by disposing of the assignments in the Cowen Case adversely to plaintiffs in error, the effect is necessarily to so dispose of them in this case.

It is to be noted that certain assignments, which we refused to consider in this case [Savage v. Rhea (Tex. Com. App.) 33 S.W.(2d) 429], were considered and disposed of adversely to plaintiffs in error in the Cowen Case, and therefore they had the full benefit of a thorough consideration by us. Other assignments, properly raised and considered by us in this case, decided adversely to plaintiffs in error, were likewise raised in the Cowen Case. As to these, we simply referred to our holdings in this case. So that all the points urged for reversal were fully considered in one or both of the cases, and counsel should not feel that the results are because of in-

attention or lack of skill on their part in pre-. senting their side of the questions involved in both cases.

Their clients have received the benefit of a full consideration by this court of all questions raised in both cases.

Upon a thorough reconsideration of all matters involved, we adhere to the original disposition of the case, and recommend that the motion for rehearing be overruled.