02-10-299-CV 














 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00299-CV 

 

 


 
 
 Anglo Irish Bank Corporation
 Limited, formerly knowN as Anglo Irish Bank Corporation, plc
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Ashkenazy & Agus Ventures,
 LLC; Birkat Harav Dallas, LLC; Birkat David VII, LLC; Izzy Ashkenazy; and
 Jonathan Agus
 
 
  
 
 
 APPELLEES 
 
 


 

 

------------

 

FROM THE
96th District Court OF Tarrant
COUNTY

------------

MEMORANDUM
OPINION[1]

----------

Anglo Irish Bank Corporation Limited (Anglo)
appeals the denial of its motions to strike the petition in intervention of
Ashkenazy & Agus Ventures, LLC, Birkat Harav Dallas, LLC, and Birkat David VII, LLC and the plea in intervention of Izzy Ashkenazy and Jonathan Agus
(collectively with the aforementioned companies, the intervenors).  Anglo argues that the interventions are
improper because the intervenors failed to
independently establish venue as required by section 15.003 of the Texas Civil
Practice and Remedies Code.  Tex. Civ. Prac. &
Rem. Code Ann. § 15.003 (Vernon Supp. 2010).  Because we find that section 15.003 does not
apply for the reasons stated below, we dismiss this appeal for want of
jurisdiction.

The order from which Anglo
appeals is an interlocutory order.  A
party may not appeal an interlocutory order unless authorized by statute.  Bally Total Fitness Corp. v. Jackson, 53 S.W.3d
352, 352 (Tex. 2001).   Anglo
claims that section 15.003 grants this court jurisdiction to hear its interlocutory
appeal.  Section 15.003 applies only in
“a suit in which there is more than one plaintiff,” including when the
plaintiffs are included by intervention. 
Tex. Civ. Prac. & Rem. Code Ann. § 15.003.  Anglo argues that the intervenors
are plaintiffs because Anglo has brought no claims against them.  The intervenors
argue that they are intervening “on the defendant’s side” because they are
joining in the counterclaims of the original defendant, Arlington Park Square
Associates, L.P., counterclaims against Anglo. 

Because we have no jurisdiction over this
appeal unless the intervenors are plaintiffs, see Tex. Civ. Prac.
& Rem. Code Ann. § 15.003, we must address that issue first.  See
Tex. R. App. P. 47.1.

Anglo argues, relying on Black’s Law Dictionary, that the word “plaintiff” in section 15.003
means “a party who brings a civil suit.” 
See Black’s Law Dictionary
1188 (8th ed. 2004) (defining “plaintiff”). 
Because the intervenors are bringing claims
against Anglo, it argues, the intervenors are plaintiffs.  Anglo further states that all intervenors enter a lawsuit as plaintiffs until the
original plaintiff asserts claims against them. 
Because Anglo has not asserted claims against the intervenors,
it concludes, they are plaintiffs and section 15.003 applies.

Anglo is incorrect in its contention that all
intervenors enter a lawsuit as plaintiffs.  A party may intervene in a lawsuit as either
a defendant or as a plaintiff.  Compare Jenkins v. Entergy Corp., 187 S.W.3d 785
(Tex. App.—Corpus Christi 2006, pet. denied) (intervening defendant) with O’Quinn
v. Hall, 77 S.W.3d 452, 457 (Tex. App.—Corpus
Christi 2002, orig. proceeding) (intervening plaintiff).  That an intervenor
may be either plaintiff or defendant is a long-standing point of law.  See
Savage v. Cowen, 33 S.W.2d 433, 434 (Tex. Comm’n App.
1930, judgm’t adopted) (“By seeking recovery against
intervener as well as defendants, intervener became a defendant as to
plaintiffs; his claim is adverse to that of plaintiffs, and, as against them,
his position is the same as that of the original defendants.”); Sec. State Bank v. Merritt, 237 S.W.
990, 992 (Tex. Civ. App.—Amarillo 1922, no writ) (noting that a court must look
to an intervenor’s plea to determine whether he “is
to be treated as a plaintiff or a defendant”); Ivey v. Harrell, 1 Tex. Civ. App. 226, 230, 20 S.W. 775, 776 (Galveston
1892, no writ) (“[I]nterveners may occupy the
position of either plaintiffs or defendants.”).   

Whether an intervenor
is a plaintiff or a defendant depends on the rights asserted and the relief
requested.  Sec. State Bank, 237 S.W. at 992; see also Perkins v. Freeman,
518 S.W.2d 532, 534 (Tex. 1974) (holding that it was
“materially unfair” to grant double the amount of peremptory challenges to the
defendants and the intervenors than to the plaintiff
when it was “evident from the pleadings of the intervenors
that there was no antagonism between the intervenors
and defendant” and that “[t]he defendant and the intervenors
were united in a common cause of action against the plaintiff”).  In this case, the intervenors
pleaded, among other claims, that Anglo tortiously
interfered with a sale of the intervenors’ property
by requiring that the sale proceeds pay down other loans, including the original
defendant’s note and that Anglo breached its fiduciary duty to the intervenors by interfering with the property sale, and they
sought a declaration that Anglo does not have cross-default rights over certain
loans, including the original defendant’s note.  It seems clear from these pleadings that the intervenors’ interests are adverse to Anglo’s and are
intertwined with the rights and interests of the original defendant.  We therefore hold that the intervenors intervened as defendants. 

Because the intervenors
are properly characterized as defendants, section 15.003 does not apply.  See
Hopson v. Dallas ISD,
05-02-01819-CV, 2003 WL 402881, at *2 (Tex. App.—Dallas Feb. 24, 2003, pet.
denied) (“The joinder of parties defendant and third
party claims are governed by different statutes [than section 15.003], none of
which provide for interlocutory appeal.”). 
Because no applicable statute allows for an interlocutory appeal to be
heard, we dismiss this appeal for want of jurisdiction.

 

 

LEE GABRIEL

JUSTICE

 

PANEL:  GARDNER, MEIER, and
GABRIEL, JJ.

 

DELIVERED:  December 9, 2010











[1]See Tex. R. App. P. 47.4.