

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00299-CV

ANGLO IRISH BANK
CORPORATION LIMITED,
FORMERLY KNOWN AS ANGLO
IRISH BANK CORPORATION, PLC

APPELLANT

V.

ASHKENAZY & AGUS VENTURES,
LLC; BIRKAT HARAV DALLAS,
LLC; BIRKAT DAVID VII, LLC; IZZY
ASHKENAZY; AND JONATHAN
AGUS

APPELLEES

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

Anglo Irish Bank Corporation Limited (Anglo) appeals the denial of its

motions to strike the petition in intervention of Ashkenazy & Agus Ventures, LLC,

---

[1]*See* Tex. R. App. P. 47.4.

Birkat Harav Dallas, LLC, and Birkat David VII, LLC and the plea in intervention of Izzy Ashkenazy and Jonathan Agus (collectively with the aforementioned companies, the intervenors). Anglo argues that the interventions are improper because the intervenors failed to independently establish venue as required by section 15.003 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 15.003 (Vernon Supp. 2010). Because we find that section 15.003 does not apply for the reasons stated below, we dismiss this appeal for want of jurisdiction.

The order from which Anglo appeals is an interlocutory order. A party may not appeal an interlocutory order unless authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). Anglo claims that section 15.003 grants this court jurisdiction to hear its interlocutory appeal. Section 15.003 applies only in "a suit in which there is more than one plaintiff," including when the plaintiffs are included by intervention. Tex. Civ. Prac. & Rem. Code Ann. § 15.003. Anglo argues that the intervenors are plaintiffs because Anglo has brought no claims against them. The intervenors argue that they are intervening "on the defendant's side" because they are joining in the counterclaims of the original defendant, Arlington Park Square Associates, L.P., counterclaims against Anglo.

Because we have no jurisdiction over this appeal unless the intervenors are plaintiffs, *see* Tex. Civ. Prac. & Rem. Code Ann. § 15.003, we must address that issue first. *See* Tex. R. App. P. 47.1.

2

Anglo argues, relying on *Black's Law Dictionary*, that the word "plaintiff" in section 15.003 means "a party who brings a civil suit." *See* Black's Law Dictionary 1188 (8th ed. 2004) (defining "plaintiff"). Because the intervenors are bringing claims against Anglo, it argues, the intervenors are plaintiffs. Anglo further states that all intervenors enter a lawsuit as plaintiffs until the original plaintiff asserts claims against them. Because Anglo has not asserted claims against the intervenors, it concludes, they are plaintiffs and section 15.003 applies.

Anglo is incorrect in its contention that all intervenors enter a lawsuit as plaintiffs. A party may intervene in a lawsuit as either a defendant or as a plaintiff. *Compare Jenkins v. Entergy Corp.*, 187 S.W.3d 785 (Tex. App.—Corpus Christi 2006, pet. denied) (intervening defendant) *with O'Quinn v. Hall*, 77 S.W.3d 452, 457 (Tex. App.—Corpus Christi 2002, orig. proceeding) (intervening plaintiff). That an intervenor may be either plaintiff or defendant is a long-standing point of law. *See Savage v. Cowen*, 33 S.W.2d 433, 434 (Tex. Comm'n App. 1930, judgm't adopted) ("By seeking recovery against intervener as well as defendants, intervener became a defendant as to plaintiffs; his claim is adverse to that of plaintiffs, and, as against them, his position is the same as that of the original defendants."); *Sec. State Bank v. Merritt*, 237 S.W. 990, 992 (Tex. Civ. App.—Amarillo 1922, no writ) (noting that a court must look to an intervenor's plea to determine whether he "is to be treated as a plaintiff or a defendant"); *Ivey*

3

*v. Harrell*, 1 Tex. Civ. App. 226, 230, 20 S.W. 775, 776 (Galveston 1892, no writ) ("[I]nterveners may occupy the position of either plaintiffs or defendants.").

Whether an intervenor is a plaintiff or a defendant depends on the rights asserted and the relief requested. *Sec. State Bank*, 237 S.W. at 992; *see also Perkins v. Freeman*, 518 S.W.2d 532, 534 (Tex. 1974) (holding that it was "materially unfair" to grant double the amount of peremptory challenges to the defendants and the intervenors than to the plaintiff when it was "evident from the pleadings of the intervenors that there was no antagonism between the intervenors and defendant" and that "[t]he defendant and the intervenors were united in a common cause of action against the plaintiff"). In this case, the intervenors pleaded, among other claims, that Anglo tortiously interfered with a sale of the intervenors' property by requiring that the sale proceeds pay down other loans, including the original defendant's note and that Anglo breached its fiduciary duty to the intervenors by interfering with the property sale, and they sought a declaration that Anglo does not have cross-default rights over certain loans, including the original defendant's note. It seems clear from these pleadings that the intervenors' interests are adverse to Anglo's and are intertwined with the rights and interests of the original defendant. We therefore hold that the intervenors intervened as defendants.

Because the intervenors are properly characterized as defendants, section 15.003 does not apply. *See Hopson v. Dallas ISD*, 05-02-01819-CV, 2003 WL 402881, at *2 (Tex. App.—Dallas Feb. 24, 2003, pet. denied) ("The joinder of

4

parties defendant and third party claims are governed by different statutes [than section 15.003], none of which provide for interlocutory appeal."). Because no applicable statute allows for an interlocutory appeal to be heard, we dismiss this appeal for want of jurisdiction.

LEE GABRIEL
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED: December 9, 2010