

NUMBER 13-10-00693-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

COUNSEL FINANCIAL SERVICES, L.L.C.,                          Appellant,

v.

DAVID McQUADE LEIBOWITZ
AND DAVID McQUADE LEIBOWITZ, P.C.,                          Appellees.

## On appeal from the 370th District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellant, Counsel Financial Services, L.L.C. ("Counsel Financial"), appeals the

denial of its motion to transfer venue pursuant to section 15.003 of the Texas Civil

Practice and Remedies Code.   *See* TEX. CIV. PRAC. & REM. CODE § 15.003 (West Supp. 2010).   We dismiss the appeal for want of jurisdiction.

## I.  BACKGROUND

Counsel Financial loaned the law firm of David McQuade Leibowitz, P.C. more than five million dollars.   The loan was secured by David McQuade Leibowitz, P.C. and David McQuade Leibowitz individually (collectively "Leibowitz").   The promissory note evidencing the loan was secured by an agreement and guaranty executed by Leibowitz in his individual capacity.   The note and security agreement were modified several times by the agreement of the parties over the course of several years.   These documents provided Counsel Financial with a security interest in Leibowitz's legal fees,[1] accounts, and intangibles in the event of a default under the loan.

Leibowitz failed to make payments due under the loan, and Counsel Financial brought suit against Leibowitz in cause number 12008–010002 in the Supreme Court of the State of New York, in and for the County of Erie, styled *Counsel Financial Services, LLC v. David McQuade Leibowitz, P.C. et al*.   Following several trial court hearings, Counsel Financial obtained a summary judgment on the note and security agreement.[2]

---

[1] Neither party has briefed the issue regarding whether such an agreement violates rule 5.04 of the Texas Disciplinary Rules of Professional Conduct, and accordingly, this opinion does not address that issue.   *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 5.04(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West Supp. 2010) (providing generally that "[a] lawyer or law firm shall not share or promise to share legal fees with a non-lawyer").

[2] The specific proceedings underlying the rendition of judgment in that case are detailed by the San Antonio Court of Appeals in *Counsel Financial Services, L.L.C., v. Leibowitz, P.C.*, 31 S.W.3d 45 (Tex. App.—San Antonio 2010, pet. denied).

2

Leibowitz unsuccessfully appealed the judgment in the New York court system.

On December 2, 2008, Counsel Financial filed an authenticated copy of the New York judgment in state district court in Bexar County, Texas. On December 29, 2008, Leibowitz filed a motion for relief from enforcement of this foreign judgment, arguing that the trial court should apply the *Craddock* standard for motions for new trial with regard to the domestication of foreign judgments. *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939) (holding that a default judgment should be set aside and a new trial granted if (1) the failure to answer or appear at trial was not intentional or the result of conscious indifference but was due to a mistake or accident; (2) the defendant sets up a meritorious defense; and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff). On January 30, 2009, the trial court granted Leibowitz's motion and refused to enforce the New York judgment.

Counsel Financial appealed that determination. The San Antonio Court of Appeals held that the *Craddock* motion for new trial standard relating to default judgments does not apply to proceedings under the Uniform Enforcement of Foreign Judgments Act. *Counsel Fin. Serv., L.L.C., v. Leibowitz*, P.C., 31 S.W.3d 45, 47 (Tex. App.—San Antonio 2010, pet. denied). The court reversed and rendered judgment that the New York judgment is entitled to full faith and credit and is fully enforceable in Texas. *Id.* at 57. The Texas Supreme Court denied the petition for review of this cause on August 20, 2010, and denied rehearing on October 15, 2010.

3

In separate trial court proceedings, which underlie this appeal, Leibowitz represented Maria Alma Anzaldua in a personal injury lawsuit against Kmart Corporation ("Kmart") in the 370th District Court of Hidalgo County. Upon learning that the parties had reached a settlement in the personal injury lawsuit, Counsel Financial filed a plea in intervention in that suit on grounds that Leibowitz had refused to pay the New York debt and judgment. In this intervention, Counsel Financial sought "an order from the Court directing all Parties to pay directly to [Counsel Financial] all funds (up to the amount of CFS's lien) to which Leibowitz and the Law Firm may be entitled to as a result of this case and the settlement." Counsel Financial expressly stated that it "[did] not seek to disturb the proposed settlement agreement in the Lawsuit" and likewise "[did] not seek to disturb the rights of Plaintiff to receive the portion of the settlement that is rightfully hers, or the release of Defendant from the Lawsuit."

On October 9, 2009, in response to Counsel Financial's intervention, Leibowitz also intervened in the Hidalgo County suit and asserted claims for affirmative relief against Counsel Financial, including claims for declaratory and temporary injunctive relief and damage claims for tortious interference and business disparagement. By his first amended pleading, Leibowitz sought an anti-suit injunction and an anti-execution injunction attempting to restrain Counsel Financial from enforcing either the security agreement or the domesticated judgment. According to Leibowitz's pleadings, Counsel Financial claimed that it was entitled to his portion of the settlement funds based either on "a foreign default judgment which is not now enforceable under Texas law, or a

4

Security Agreement which [Counsel Financial] has itself breached."

Counsel Financial filed two separate motions to transfer venue from Hidalgo County to Bexar County, and Leibowitz filed two responses to these motions. After holding a hearing on the motions to transfer, the trial court ultimately denied both motions on December 1, 2010. This appeal ensued.[3]

## II. JURISDICTION

Counsel Financial contends that the trial court erred in denying its motion to transfer venue to Bexar County because: (1) Leibowitz did not independently establish that Hidalgo County is a proper venue for his affirmative claims against Counsel Financial; and (2) Leibowitz did not independently establish each of the factors required by section 15.003(a) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV.

---

[3] By separate appeal arising from the same trial court proceedings, Counsel Financial challenged a temporary injunction which prevented it from instituting legal proceedings to enforce a security agreement and collecting on a judgment in its favor. By opinion issued this same date, the Court reversed the trial court's order granting the injunction and remanded the cause for further proceedings consistent with that opinion. *See Counsel Fin. Servs., L.L.C. v. Leibowitz*, No. 13-10-00200-CV, 2011 Tex. App. LEXIS, *__ (Tex. App.—Corpus Christi June 30, 2011, no pet. h.) (mem. op.).

By petition for writ of mandamus, also arising from the same underlying proceedings, Counsel Financial sought to set aside an order of the trial court which allegedly denied Counsel Financial's motion to transfer venue. *In re Counsel Fin. Servs., L.L.C.*, No. 13-10–00157-CV, 2010 Tex. App. LEXIS 3112, at *1 (Tex. App.—Corpus Christi Apr. 27, 2010, orig. proceeding). This Court concluded that the issue was premature because the trial court has not yet ruled on relator's motion to transfer venue and denied the petition for writ of mandamus. *See id.* at **2–3. We note in this regard that section 15.0642 of the civil practice and remedies code provides for mandamus relief to enforce a mandatory venue provision. TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2002); *In re Transcon. Realty Investors*, 271 S.W.3d 270, 271 (Tex. 2008) (orig. proceeding); *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding). In cases regarding mandatory venue, the relator is not required to show the lack of an adequate remedy by appeal. *In re Mo. Pac. R.R.*, 998 S.W.2d 212, 215–16 (Tex. 1999) (orig. proceeding). The only issue presented in such cases is the legal question regarding whether the trial court properly interpreted the mandatory venue provision. *In re Transcon. Realty Investors*, 271 S.W.3d at 271; *In re Tex. Ass'n of Sch. Bds., Inc.*, 169 S.W.3d 653, 656 (Tex. 2005) (orig. proceeding).

PRAC. & REM. CODE § 15.003.   In contrast, Leibowitz contends, *inter alia*, that Counsel Financial waived its right to challenge venue; the relief requested by Counsel Financial interferes with appellate jurisdiction because there is an appeal pending from another ruling,[4] and section 15.003 of the civil practice and remedies code is inapplicable, thus no interlocutory appeal lies from the trial court's determination regarding venue.

As a threshold matter, we address Leibowitz's contention, raised by motion to dismiss, that we lack jurisdiction over the appeal.   The general rule is that a venue ruling is not a final judgment ripe for appeal.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (West 2002); *see also* TEX. R. CIV. P. 87(6) ("There shall be no interlocutory appeals from such determination.").   Counsel Financial asserts that the denial of the motion to transfer venue is appealable pursuant to section 15.003 of the civil practice and remedies code.   Section 15.003, entitled "Multiple Plaintiffs and Intervening Plaintiffs," provides in relevant part:

> (a) In a suit in which there is more than one plaintiff, whether the plaintiffs are included by joinder, by intervention, because the lawsuit was begun by more than one plaintiff, or otherwise, each plaintiff must, independently of every other plaintiff, establish proper venue. If a plaintiff cannot independently establish proper venue, that plaintiff's part of the suit, including all of that plaintiff's claims and causes of action, must be transferred to a county of proper venue or dismissed, as is appropriate, unless that plaintiff, independently of every other plaintiff, establishes that:

---

[4] On March 22, 2010, the trial court entered an order granting Leibowitz's request for a temporary injunction.   Counsel Financial appealed that order in *Counsel Financial Services, L.L.C. v. David Mcquade Leibowitz and the Law Offices of David McQuade Leibowitz, P.C.*, currently pending before this Court in appellate cause number 13-10-00200-CV.

(1) joinder of that plaintiff or intervention in the suit by that plaintiff is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue as to that plaintiff in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have that plaintiff's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for that plaintiff and all persons against whom the suit is brought.

(b) An interlocutory appeal may be taken of a trial court's determination under Subsection (a) that:

(1) a plaintiff did or did not independently establish proper venue; or

(2) a plaintiff that did not independently establish proper venue did or did not establish the items prescribed by Subsections (a)(1)–(4).

TEX. CIV. PRAC. & REM. CODE § 15.003. On appeal, the appellate court determines whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard. *See id.* § 15.003(c).

Because we have no jurisdiction over this appeal unless Leibowitz qualifies as a plaintiff, our analysis begins with this issue. It has long been established that an intervening party may be characterized as either a defendant or as a plaintiff. *Savage v. Cowen*, 33 S.W.2d 433, 434 (Tex. Comm'n App. 1930) (holding that intervenors may occupy the position of either plaintiffs or defendants); *Ivey v. Harrell*, 1 Tex. Civ. App. 226, 230, 20 S.W. 775, 776 (Galveston 1892, no writ) (same). *Compare HEB*

7

*Ministries, Inc. v. Tex. Higher Educ. Coordinating Bd.*, 235 S.W.3d 627 (Tex. 2007) (intervening plaintiffs); *O'Quinn v. Hall*, 77 S.W.3d 452, 457 (Tex. App.—Corpus Christi 2002, orig. proceeding) (same)*, with Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504 (Tex. 1995) (intervening defendants); *Jenkins v. Entergy Corp.*, 187 S.W.3d 785 (Tex. App.—Corpus Christi 2006, pet. denied) (same); *see also Anglo Irish Bank Corp. v. Ashkenazy & Agus Ventures, LLC*, No. 02-10-00299-CV, 2010 Tex. App. LEXIS 9765, at *3 (Tex. App.—Fort Worth Dec. 9, 2010, no pet.) (mem. op.) ("A party may intervene in a lawsuit as either a defendant or a plaintiff.").   Whether an intervenor is characterized as a plaintiff or a defendant depends on the character of the rights asserted and the relief requested through the intervention.   *Sec. State Bank v. Merritt*, 237 S.W. 990, 992 (Tex. Civ. App.—Amarillo 1922, no writ); *see also Anglo Irish Bank Corp.*, 2010 Tex. App. LEXIS 9765, at **3–4.

The underlying lawsuit was instituted by Anzaldua against Kmart.   Counsel Financial intervened in the lawsuit on grounds that it "is a secured creditor and judgment creditor" of Leibowitz and his firm, who serve as counsel for Anzaldua.   According to the plea in intervention, Anzaldua and Kmart had agreed to settle the case "which will result in funds being paid to the Debtors for their attorney's fees and costs."   Counsel Financial asserted that it "has a lien against such funds" on the grounds that Leibowitz had "wholly failed and refused to pay the debt and judgment due and owing" to Counsel Financial.   Leibowitz specifically sought "an order from the Court directing all Parties to pay directly to [Counsel Financial] all funds (up to the amount of CFS's lien) to which

8

Leibowitz and the Law Firm may be entitled to as a result of this case and the settlement." As stated previously, Counsel Financial expressly stated that it did not seek to obtain the funds allocated to Anzaldua as a result of the settlement, nor did it intend to affect Kmart's release from the lawsuit.

In response, Leibowitz intervened in the Hidalgo County suit to stop Counsel Financial from obtaining any of the funds in the registry of the court. He asserted claims for affirmative relief, including claims for declaratory and temporary injunctive relief and damage claims for tortious interference and business disparagement. By his first amended pleading, Leibowitz also sought an anti-suit injunction and an anti-execution injunction attempting to restrain Counsel Financial from enforcing either the security agreement or the domesticated judgment. According to Leibowitz's pleadings, Counsel Financial claimed that it was entitled to his portion of the settlement funds based either on "a foreign default judgment which is not now enforceable under Texas law, or a Security Agreement which [Counsel Financial] has itself breached."

Based on the foregoing, we conclude that Counsel Financial intervened in the lawsuit as a plaintiff because it was seeking to recover that portion of the funds Kmart was paying to Anzaldua which represented her attorney's fees. In short, Counsel Financial sought to recover funds from Leibowitz out of Kmart's settlement payment to Anzaldua. In contrast, Leibowitz filed defensive pleadings seeking to avoid Counsel Financial's recovery, and there is no indication in the record that Leibowitz would have filed an intervention or any other responsive pleading against Counsel Financial's claims

9

if Counsel Financial had not first intervened in this action as an intervening plaintiff. The record before the trial court and this Court is sparse with regard to the precise contour of the litigation first fought in New York and then contested in Bexar County, but Leibowitz's pleadings in the underlying action confirm that his interests are adverse to intervening plaintiff Counsel Financial's. Based on our independent review of the record, we conclude that Leibowitz's intervention in the action below is best characterized as a defensive intervention.

## III. CONCLUSION

Generally, a party must wait until a final judgment occurs in order to appeal an erroneous ruling regarding venue. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b); *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999); *Elec. Data Sys. Corp. v. Pioneer Elecs. (USA) Inc.*, 68 S.W.3d 254, 257 (Tex. App.—Fort Worth 2002, no pet.). However, when a case involves multiple plaintiffs, wherein plaintiffs are included by joinder or intervention, section 15.003 establishes a limited right of interlocutory appeal to contest a trial court's venue determination. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b)-(c); *Surgitek, Bristol-Myers Corp.*, 997 S.W.2d at 601; *Elec. Data Sys. Corp.*, 68 S.W.3d at 257. This limited right of interlocutory appeal extends only to plaintiffs who are unable to independently establish proper venue apart from the joinder factors set out in section 15.003(a). TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b)-(c); *Elec. Data Sys. Corp.*, 68 S.W.3d at 258. Because the record supports the characterization of Leibowitz as an intervening defendant, section 15.003 does not

10

apply.[5]   Because no applicable statute allows for an interlocutory appeal to be heard, the appeal must be dismissed for want of jurisdiction.   Accordingly, we grant Leibowitz's motion to dismiss and we dismiss the appeal for want of jurisdiction.


_____
GINA M. BENAVIDES,
Justice


Delivered and filed the
1st day of July, 2011.

---

[5]   In April, Counsel Financial provided this Court with a letter stating that this "is an appeal under section 15.003 of the Texas Civil Practice and Remedies Code" and this statute "provides that the court of appeals shall render judgment not later than the 120th day after the date the appeal is perfected."   TEX. CIV. PRAC. & REM. CODE ANN. § 15.003.   We have concluded that section 15.003 is inapplicable to the instant case; however, even if we were to hold otherwise, section 15.003(c) is directory, not jurisdictional. *Wyeth v. Hall*, 118 S.W.3d 487, 490 (Tex. App.—Beaumont 2003, no pet.) (citing TEX. R. APP. P. 19.2 regarding the plenary jurisdiction of appellate courts in the context of section 15.003(c)).